## Richmond

MACON A. DAVENPORT v. GUY W. ALDRICH.

June 13, 1966.

Record No. 6195.

Present, Eggleston, C. J., and Spratley, Snead, I'Anson, Carrico and Gordon, JJ.

*Edward A. Marks, Jr.* (*Frank H. Pitchford; Sands, Anderson, Marks and Clarke; Pitchford and Sarfan,* on brief), for the plaintiff in error.

*Harvey E. White, Jr.* (*Robert D. Lucas, Jr.; White, Ryan & Reynolds,* on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an action for damages, brought by Macon A. Davenport, plaintiff, against Guy W. Aldrich, defendant, to recover for personal injuries sustained as the result of an automobile collision. The case was tried to a jury and there was a verdict for the plaintiff in the amount of $30,000. After hearing argument on defendant's motion for a new trial on the ground that the verdict was excessive, the trial court ordered plaintiff to remit $7,500 or submit to a new trial on the issue of damages, which remittitur he accepted under protest, as provided in Code § 8-350, and judgment was accordingly entered in his favor for $22,500. He now asks this Court to reverse the judgment reducing the verdict and enter final judgment on the jury's verdict.

The sole question presented is: Whether the trial court erred in its ruling that the verdict of the jury was excessive, and in putting the plaintiff on terms to remit $7,500 of his verdict or submit to a new trial on the issue of damages.

The only facts material to the issues raised are those pertaining to the nature and extent of the injuries and damages suffered by the plaintiff. They are free from material dispute.

The collision in which plaintiff suffered injuries occurred in the city of Williamsburg, Virginia, on April 3, 1964, and the case was tried on December 18, 1964, eight and one-half months later.

Pictures of the automobiles involved in the collision, introduced in evidence as exhibits, show that the vehicles collided with considerable force. When the investigating officer arrived at the scene he found plaintiff with "His kneecaps * * * pushed back into his legs." Plaintiff was taken by ambulance to the Williamsburg Community Hospital where he received emergency treatment for broken bones and lacerations of the forehead and scalp. Due to the serious nature of his injuries he was transported by ambulance to the Medical College of Virginia Hospital at Richmond.

Examinations made at the Medical College Hospital revealed that plaintiff had suffered a severe fracture of his right kneecap, chest contusions and possible fracture of the cartilage of the fourth and fifth ribs, lacerations of the forehead and scalp, a broken finger, and injuries to his back.

An operation was performed to repair the damage to plaintiff's kneecap, and the leg was placed in a cast extending from his groin

to his ankle. He was hospitalized for thirteen days, wore the cast for six weeks, and used crutches for four months.

The medical testimony given on the day of the trial shows that plaintiff would fully recover from his chest injuries, but that he had suffered permanent injury to his knee; that he would not reach maximum recovery from the knee injury for another six to eight months, and then he would not be able to bend his right leg beyond 90 degrees; that he walks with a definite limp and is still experiencing some pain in his knee; that if the pain continues another operation may be required to remove the remaining fragments of his kneecap; that another operation would lessen the pain, "but it would further limit the range of motion in his leg;" and that he was being treated for nervous tension.

Plaintiff was 54 years of age at the time of the trial. He says that since the accident he has become extremely nervous and irritable. He suffers from headaches and pains in his knee and back, and obtains relief only by taking medication prescribed by his physician. When driving a motor vehicle he is forced to use his left foot on the brake pedal, as he cannot move his right leg fast enough to operate both the accelerator and brake.

Prior to the accident plaintiff was engaged in selling automobiles and in constructing and selling homes. Subsequently he has attempted to work as an automobile salesman but was released from two such jobs because he could not do the work properly.

Medical expenses incurred up to the date of trial amount to $1,100.

Defendant says that the trial court correctly put the plaintiff on terms to accept a lesser amount than that awarded by the jury because the amount of the award was excessive and shows that the jury misconceived or misconstrued the facts and law of the case.

In Virginia courts have the power, and are charged with the duty, to correct what plainly appears to be an inadequate or excessive verdict. Code §§ 8-224, 8-350. The exercise of this power, however, is limited by the admonitory principle that, ordinarily, it is within the province of the jury to determine the amount of damages. In a personal injury case, where there is no legal measure of damages for physical pain and suffering, and the jury has arrived at a verdict based upon competent evidence and controlled by proper instructions, in an impartially conducted trial, it has always been held that their verdict is inviolate and cannot be disturbed by the

court. *Dinwiddie* v. *Hamilton*, 201 Va. 348, 352, 353, 111 S. E. 2d 275, 277, 278; *Lilley* v. *Simmons*, 200 Va. 791, 797, 108 S. E. 2d 245, 249, 250; *Rawle* v. *McIlhenny*, 163 Va. 735, 744, 745, 177 S. E. 214, 218, 219, 98 A. L. R. 930; *Farish & Co.* v. *Reigle*, 52 Va. (11 Gratt.) 697, 722.

When it appears, however, that the verdict of a jury is so out of proportion to the injury and loss suffered as to shock the conscience of the court, and thus creates the impression that the jury was motivated by passion, prejudice or corruption, or that it has misconceived or misconstrued the facts or the law, and that the verdict was not the product of a fair and impartial decision, the trial judge is clothed with the authority, and it is his duty, to correct the injustice. *Smithey* v. *Refining Co.*, 203 Va. 142, 146, 122 S. E. 2d 872, 875, 876; *C. D. Kenny Company* v. *Solomon*, 158 Va. 25, 30, 31, 163 S. E. 97, 98, 99.

But a trial judge is not warranted in putting a plaintiff on terms to remit part of his recovery or else submit to a new trial on the question of damages under the provisions of Code § 8-350 merely because it appears to him that the verdict of the jury was large and was more than he would have awarded had he been a member of the jury. He cannot usurp the function of the jury as triers of fact if the amount awarded by their verdict is supported by sufficient evidence and is reached by a fair and impartial jury. *Edmiston* v. *Kupsenel*, 205 Va. 198, 202, 135 S. E. 2d 777, 780; *Hardy* v. *Greene*, 207 Va. 81, 84, 147 S. E. 2d 719, 722 (April 25, 1966).

In the present case the evidence shows that plaintiff suffered serious permanent bodily injuries. His back was still bothering him eight and one-half months after the accident. He has become extremely nervous and irritable and suffers from periodic headaches. If the pain from his knee continues he may have to undergo another operation, along with further pain and suffering and more loss of motion in his already permanently injured right leg. His physical handicap has prevented him from pursuing his occupation as a salesman. Moreover, defendant introduced no evidence to show that plaintiff's injuries were not serious or that he had exaggerated his condition, and did not object to any of the court's instructions to the jury.

In the light of the permanent bodily injuries sustained by the plaintiff, the pain, suffering and mental anguish he has endured and will continue to endure, and the loss of earning capacity, we cannot say that the amount of the verdict was so large that it shocks our

conscience or sense of justice. There was sufficient evidence to support the jury's verdict, and the record furnishes no grounds upon which it can be said that the jury was influenced by partiality or prejudice, or that they were misled by some mistaken view of the merits or misconstrued the law of the case. See *Williams Paving Company v. Kreidl*, 200 Va. 196, 204, 104 S. E. 2d 758, 764; *Newman v. Dalton*, 206 Va. 119, 125, 141 S. E. 2d 677, 682, 683. Thus it was error for the trial judge to substitute his judgment as to the amount of damages plaintiff was entitled to recover for that of the jury.

The judgment of the trial court is reversed, the verdict of the jury for $30,000 is reinstated, and final judgment is here entered thereon in favor of the plaintiff.

*Reversed and final judgment.*