472

## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Cynthia Prinette Kidd

v.

Lonnie Lorinza Williford

July 11, 1967

By JUDGE A. CHRISTIAN COMPTON

The plaintiff's motion to set aside the verdict of $1,500.00 in this case upon the ground that it is inadequate in amount is overruled. *Dinwiddie* v. *Hamilton*, 201 Va. 348 (1959); *Rawle* v. *McIlhenny*, 163 Va. 735 (1934).

The plaintiff, who was six years and two months old at the time of the accident in question, suffered a fracture of her left femur accompanied by contusions and bruising when struck by the defendant's automobile while she was crossing a city street not at an intersection. The bone was "sticking out through the leg" when her mother arrived on the scene a few minutes after the accident. She was treated by the use of skeletal traction for one month and was then discharged from the hospital and remained in a spica cast for two months at home during which time she continued her school work. She received seven physical therapy treatments over a period of about three weeks beginning six months after the accident. The fracture had completely healed about eight months after the accident and she had recovered without any permanent disability. The position of the bones at the fracture site is "satisfactory" and the child has no limp, being able to run and play as other children her age. The injury was painful for about one week.

The sum of the expenses for medical attention is $1,226.84 of which $15.00 on the bill of the treating physician is for "report(s)." The mother waived her right of recovery in the case in favor of the infant plaintiff.

"There is no measure of damages in a case of this kind, and there has not yet been discovered any standard by which to measure in dollars and cents the value of physical pain and suffering. It is a matter which must be left to the judgment and discretion of an impartial jury, and *no mere difference of opinion of the trial judge, however decided, will justify an interference with their verdict*, unless it appears from the record that the jury has been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case." (emphasis added) 201 Va. 348, 352. There is no indication here, nor is the suggestion made, that the jury has been influenced by partiality or prejudice. While the amount awarded is smaller than the trial judge would have awarded had he been on the jury, the court is not prepared to say from the amount alone that the verdict is so out of proportion to the injury such˜ as to show that the jury was activated by a mistaken view of the merits of the case. "In a personal injury case, where there is no legal measure of damages for physical pain and suffering, and the jury has arrived at a verdict based upon competent evidence and controlled by proper instructions, in an impartially conducted trial, it has always been held that their verdict is inviolate and cannot be disturbed by the court." *Davenport* v. *Aldrich*, 207 Va. 271, 273 (1966).

In this case there was a complete recovery without any disability within less than eight months of the accident. Pain was experienced for only one week. Instruction 8 told the jury that if they found for the plaintiff they could consider, in addition to the actual expenses, the injury and the extent thereof, its effect on her health, the pain suffered by her and the inconvenience caused. The jury has awarded approximately $273.00 to cover these other items and the Court, being guided by the principles set out above and considering the evidence in the case, finds no indication in the Record that the jury misconceived the merits of the case insofar as they relate to the amount of damages.