COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Alston and Chafin
Argued at Richmond, Virginia


VICKIE MARRS BELEW

OPINION BY
v.      Record No. 1168-10-2        JUDGE ROSSIE D. ALSTON, JR.
MAY 7, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Michael J. Hallahan, II, for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Vickie Marrs Belew (appellant) appeals her conviction for felony hit and run in violation

of Code § 46.2-894. In this appeal, appellant contends that the trial court erred when it denied

her motions to strike because the evidence was insufficient to prove that appellant caused injury

to another or damage to property in excess of $1,000, as required by Code § 46.2-894. Finding

no error, we affirm appellant's conviction.

I. Background

"When examining a challenge to the sufficiency of the evidence, an appellate court must

review the evidence in the light most favorable to the prevailing party at trial and consider any

reasonable inferences from the facts proved." Viney v. Commonwealth, 269 Va. 296, 299, 609

S.E.2d 26, 28 (2005) (citing Zimmerman v. Commonwealth, 266 Va. 384, 386, 585 S.E.2d 538,

539 (2003)).

So viewed, the evidence indicated that during the early morning hours of May 26, 2009,

appellant drove her car on Interstate 64 in Albemarle County. Appellant's car struck another car

from behind. Denise Vargas (Vargas) was a passenger in the car that appellant struck. After it was struck, Vargas' car spun around a total of nine or ten times. Both cars came to a stop, and appellant unsuccessfully attempted to restart her car. Appellant then exited her car and approached Vargas' car, walking unsteadily. Appellant asked, "[W]hat's going on[?] [W]hat's happening[?]" before turning and walking back to her car. As the emergency vehicles approached with their lights and sirens engaged, appellant ran from the scene of the accident into nearby woods.

Appellant was found later that morning walking on the side of Interstate 64. At that time, appellant gave a written statement to the police in which she stated that she had been to a restaurant the night before and left to drive home. Regarding the accident, appellant stated that she had been looking for her cell phone so she opened her car door for light. She then remembered feeling "jerked [and] hit." Appellant said that she was "confused" at the time of the accident and that she felt she needed to call her mother and her friends. Appellant also said that she was "sad to [hear] that someone else was hurt [and] my car is in compound [sic], [and] we are all victims."

Appellant was subsequently indicted for failure to stop at the scene of an accident in violation of Code § 46.2-894.

During appellant's bench trial, Vargas testified that she had pain in her back after the accident. She stated,

> I have a problem in my neck, as a result of a nervous tic. And because of the stress I could feel terrible pain . . . in this part in my back. And then it was very hard and the tic came back very strong for a couple of weeks.

According to Vargas, she had gone to the emergency room after the accident. Regarding her medical treatment, Vargas testified that "[t]he doctors checked me and they told me it was the muscle. The bone was not involved." Vargas also testified that

> [t]he impact was so strong I was afraid that something was going
> to happen to me, maybe that I was going to die.  The . . .
> paramedics insisted that I . . . should go to the hospital, because I
> was so nervous that that could cause me of [sic] some concern.

Vargas also testified that she and the other passengers in the vehicle that was struck were frightened but "okay" after the accident.  However, she also noted that the other passengers complained of pain.  When asked to clarify her testimony that when she said the others were "okay" she meant that no one had died in the accident, Vargas responded, "No."  In addition, the following exchange occurred between Vargas and defense counsel during cross-examination:

> Q      And you indicated [the accident] was very stressful, scary?
>
> A      Yes . . . .  It's the first time I was so near to being injured or
>        maybe even dying.
>
> Q      Right.  But you weren't injured, were you?
>
> A      No, . . . I could have been.  Thank the Lord the car was on
>        the other side.  And that another truck didn't come and hit
>        us.

Appellant made a motion to strike at the conclusion of the Commonwealth's case-in-chief and presented no evidence.  Following a continuance, appellant renewed her motion to strike, which the trial court denied.  The trial court found appellant guilty of felony hit and run in violation of Code § 46.2-894.  The trial court found that Vargas was injured in the accident and that knowledge of that injury could be imputed to appellant.  The trial court sentenced appellant to five years' incarceration, with all but ninety days suspended.  This appeal followed.

## II. Analysis

On appeal, appellant argues that the trial court erred in denying appellant's motions to strike because the evidence was insufficient to prove that Vargas was injured, as required to sustain a felony conviction under Code § 46.2-894.[1]

Our analysis is guided by the often-stated principle that the judgment of the trial court shall not be set aside for insufficiency of the evidence unless the judgment "is plainly wrong or without evidence to support it." Code § 8.01-680. Moreover,

---

[1] Code § 46.2-894 provides, in pertinent part:

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property. The driver shall also render reasonable assistance to any person injured in such accident, including taking such injured person to a physician, surgeon, or hospital if it is apparent that medical treatment is necessary or is requested by the injured person.
>
>      *     *     *     *     *     *     *
>
> Any person convicted of a violation of this section is guilty of (i) a Class 5 felony if the accident results in injury to or the death of any person, or if the accident results in more than $1000 of damage to property or (ii) a Class 1 misdemeanor if the accident results in damage of $1000 or less to property.

Appellant does not argue that the evidence was insufficient to prove that appellant knew or should have known of Vargas' injury, which is required to support a conviction under Code § 46.2-894. See Neel v. Commonwealth, 49 Va. App. 389, 395, 641 S.E.2d 775, 777-78 (2007). As a result, we will not address this issue in the instant appeal.

In addition, because we hold that appellant's felony conviction can be upheld on the basis of Vargas' injury, we will not address the element of property damage of more than $1,000, the other basis for sustaining a felony conviction under Code § 46.2-894.

- 4 -

> [w]hen considering a challenge to the sufficiency of the evidence on appeal, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (emphasis in original; citation and internal quotation marks omitted). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original).

Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 906-07 (2009) (*en banc*). This deferential standard of review "applies not only to the historical facts themselves, but the inferences from those facts as well." Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003).

In contrast, "[t]he construction of a statute is a question of law that we review de novo upon appeal." Robinson v. Commonwealth, 274 Va. 45, 51, 645 S.E.2d 470, 473 (2007) (citing Farrakhan v. Commonwealth, 273 Va. 177, 180, 639 S.E.2d 227, 229 (2007); Dowling v. Rowan, 270 Va. 510, 519, 621 S.E.2d 397, 401 (2005)). "'[T]he general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used.'" Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) (quoting Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998)). "[T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

To support a felony conviction under Code § 46.2-894, the Commonwealth must prove, among other things, that the accident caused injury to or the death of another. Code § 46.2-894. We find no Virginia appellate case law defining the type of injury the victim in a car accident must suffer to sustain a defendant's felony conviction under Code § 46.2-894. Additionally, we note that, unlike some other statutes, the legislature did not specify the *type* of injury that must

occur under Code § 46.2-894 to support a felony conviction. Cf. Code § 18.2-51 (criminalizing malicious and unlawful wounding when defendants maliciously or unlawfully "shoot, stab, cut, or wound any person or by any means cause him bodily injury").[2] Because the term "injury" is not defined in the statute, we must give the word its "ordinary meaning." Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (*en banc*).

Black's Law Dictionary defines "injury," in part, as "[a]ny harm or damage." Black's Law Dictionary 801 (8th ed. 2004). Similarly, Merriam-Webster's Collegiate Dictionary defines "injury" as "an act that damages or hurts" and "hurt, damage, or loss sustained." Merriam-Webster's Collegiate Dictionary 644 (11th ed. 2005). We recognize that "penal statutes are to be construed strictly against the [Commonwealth]." Hines v. Commonwealth, 59 Va. App. 567, 574, 721 S.E.2d 792, 795 (2012) (alteration in original) (citing Wade v. Commonwealth, 202 Va. 117, 122, 116 S.E.2d 99, 103 (1960)). However, the ordinary meaning of the word "injury" leads to the conclusion that a so-called "soft tissue" injury such as muscle pain or damage constitutes harm, damage, or hurt and is therefore sufficient to prove an injury under Code § 46.2-894.[3]

From the evidence in the instant case, the trial court could infer that Vargas' back muscle was harmed or hurt and therefore that she was injured under Code § 46.2-894. Vargas testified that she felt a "terrible pain" in her back after the car accident. In addition, she testified that the doctors at the hospital examined her and "and they told [her that her pain] was the muscle." The

---

[2] This Court, however, has interpreted the general term "bodily injury" found in Code § 18.2-51 to include soft tissue and internal injuries. English v. Commonwealth, 58 Va. App. 711, 719, 715 S.E.2d 391, 395 (2011). This determination is consistent with the holding we reach in the case at bar.

[3] In further support of this determination, we note that the Virginia Supreme Court has upheld awards of damages for soft tissue injuries such as muscle strains, spasms, and pain in the context of personal injury suits. See Toombs v. Hayes, 256 Va. 193, 501 S.E.2d 409 (1998); May v. Leach, 220 Va. 472, 260 S.E.2d 456 (1979); Hardy v. Greene, 207 Va. 81, 147 S.E.2d 719 (1966).

trial court could infer from this testimony that the doctors told Vargas her back pain was caused by a muscle injury. This evidence was therefore sufficient to support the trial court's conclusion that Vargas was injured.

In addition, the evidence was sufficient to support the trial court's conclusion that the car accident caused Vargas' injury. To support this conclusion, we note that Vargas testified that she felt pain in her back *after the accident* and that the doctors at the hospital "told [her that her pain] was the muscle." Viewing the evidence in the light most favorable to the Commonwealth, as we must on appeal, because Vargas' pain occurred immediately after the accident and her doctors related her pain to her back muscle, we hold that the trial court could infer that the car accident injured Vargas' back muscle, causing Vargas' pain.

Contrary to appellant's argument that Vargas' testimony that no one was injured in the accident shows that the evidence was insufficient to prove an injury, the trial court was entitled to reject Vargas' testimony on that point while crediting her testimony regarding her back pain and her doctors' statements. Commonwealth v. McNeal, 282 Va. 16, 22, 710 S.E.2d 733, 736 (2011) (stating that a fact finder can "resolv[e] conflicts in a single witness' testimony, accepting that part of the testimony it deems credible and rejecting the portion it deems incredible"). Moreover, on appeal, we "'must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts [in the evidence] in favor of the prosecution, and must defer to that resolution.'" Harper v. Commonwealth, 49 Va. App. 517, 523, 642 S.E.2d 779, 782 (2007) (quoting Jackson, 443 U.S. at 326).

Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to prove Vargas' back pain was caused by the car accident at issue in this case. Additionally, under the plain meaning of the word "injury," we hold that a soft tissue injury such as muscle pain

constitutes an injury within the meaning of Code § 46.2-894.  Therefore, we affirm appellant's

conviction.

<u>Affirmed.</u>