COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, O'Brien and Fulton
Argued at Alexandria, Virginia

UNPUBLISHED

LEON STROM, SR.

v.      Record No. 0083-24-4

RIZALITO DEL ROSARIO

MEMORANDUM OPINION[*] BY
JUDGE JUNIUS P. FULTON, III
FEBRUARY 11, 2025

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

Ashley E. Strandjord (Luke T. Needleman; ChasenBoscolo, on
brief), for appellant.

Wm. Tyler Shands (Kerrigan O'Malley; Carter & Shands, PC, on
brief), for appellee.


Leon Strom, Sr., appeals the trial court's order granting Rizalito Del Rosario's motion to

strike his personal injury suit.  He argues that evidence of unliquidated damages—pain,

suffering, and inconvenience—is sufficient alone, without accompanying medical bills, to

establish a prima facie case of damages.  We agree and reverse the trial court.

BACKGROUND[1]

Strom and Del Rosario were involved in a vehicular accident on October 16, 2020.[2]

Strom testified that starting the day after the collision, he felt pain in his arms and neck radiating

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] "On appeal, when this Court reviews a trial court's decision to strike a plaintiff's evidence, we likewise view the evidence in the light most favorable to the plaintiff." *Volpe v. City of Lexington*, 281 Va. 630, 639 (2011) (quoting *TB Venture, LLC v. Arlington County*, 280 Va. 558, 563 (2010)).

[2] The parties dispute the exact circumstances and liability for the collision; because the motion to strike only involved assessing Strom's damages, this Court need not address the specific details of the collision.

down his back into his legs. Strom's symptoms made it difficult to walk and caused numbness in his hand. He sought physical therapy treatment with two providers before consulting expert orthopedic surgeon, Dr. Hajeer Sabet. Through the day of trial, Strom received a shot once a month from Dr. Sabet to treat his back pain. Strom testified that after receiving a shot, he temporarily feels "a little bit better." At trial, Dr. Sabet opined that Strom's symptoms resulted from a neck and back spinal injury that was caused by the collision with Del Rosario. Dr. Sabet stated that Strom's symptoms would continue unless surgically treated. When Strom's counsel asked Dr. Sabet the cost of that future treatment, Dr. Sabet was unable to provide an estimate. Strom did not introduce any of the medical bills for his treatment or the anticipated cost of future surgery into evidence.

Before the collision, Strom exercised by frequently walking and played sports with his grandchildren, which the pain now made difficult. He noted that the collision made him anxious and that his constant symptoms put stress on his marriage. The symptoms also limited his ability to attend church programs in person. Prior to the accident, Strom attended at least four times a week for Sunday school, morning service, evening service, and Wednesday night prayer as well as men's choir and youth basketball practice. After the accident, he could only attend those services that were offered online. Strom testified that he tentatively planned for future surgery. On cross-examination, Strom admitted to a history of neck and back injuries from previous car collisions in 2003 and 2019. Dr. Sabet testified that the collision aggravated Strom's preexisting condition.

At the close of the evidence, the trial court observed, sua sponte, that "no evidence of damages" had been presented and questioned how to instruct the jury. Del Rosario then moved to strike, arguing that the evidence was not sufficient to establish the value of Strom's past treatment and any future surgery. Strom argued that even without specific economic damages,

the evidence was sufficient to establish unliquidated damages, such as pain, suffering, and inconvenience, and that the quantum of damages was a matter for the jury. The trial court found that without evidence of economic damages, the jury could not "make a reasonable estimate of the amount of damages" without speculating, and granted the motion to strike. Strom appeals.

ANALYSIS

"In granting a motion to strike, a 'circuit court must not judge the weight or credibility of evidence.'" *Gloss v. Wheeler*, 302 Va. 258, 278 (2023) (quoting *Dill v. Kroger Ltd. P'ship I*, 300 Va. 99, 109 (2021)). "Rather, a circuit court must 'accept as true all the evidence favorable to the plaintiff' and grant the plaintiff 'any reasonable inference' that may be drawn from such a view of the evidence." *Id.* (quoting *Austin v. Shoney's, Inc.*, 254 Va. 134, 138 (1997)). "A circuit court may grant a motion to strike at the conclusion of a plaintiff's evidence 'only where "it is conclusively apparent that plaintiff has proven no cause of action."'" *Id.* (quoting *Int'l Paper Co. v. Cnty. of Isle of Wright*, 299 Va. 150, 170 (2020)). "Accordingly, '[w]hen reviewing a trial court's decision to grant a motion to strike the plaintiff's evidence, we view the evidence presented at trial in the light most favorable to the plaintiff and accord the plaintiff the benefit of any inferences that may be fairly drawn from the evidence.'" *Id.* (alteration in original) (quoting *Curtis v. Highfill*, 298 Va. 499, 502-03 (2020)). But this Court "reviews questions of law de novo, including those situations where there is a mixed question of law and fact." *Taylor v. Northam*, 300 Va. 230, 250-51 (2021) (quoting *Napper v. ABM Janitorial Servs.-Mid Atl., Inc.*, 284 Va. 55, 61 (2012)).

It is well-established in Virginia that "[t]he compensation one is entitled to receive for pain and suffering in a personal injury case cannot be measured with precision and ordinarily is a question of fact to be determined by the composite judgment of the jurors, fairly exercised, under no improper influence or circumstances." *Wagnstrom v. Pope*, 207 Va. 761, 764 (1967) (citing

*Davenport v. Aldrich*, 207 Va. 271, 273 (1966)).  In fact, juries are *required* to award damages

specifically for pain and suffering when they find that a plaintiff has otherwise proven their personal

injury case.  *See Bowers v. Sprouse*, 254 Va. 428, 431 (1997) ("Certainly, at a minimum, this

plaintiff experienced pain, suffering, and inconvenience as a result of the defendant's negligence

and was entitled to compensation for these elements of damage.").  Civil Model Jury Instruction

No. 9.000 instructs jurors to "consider any of the following" when determining damages, and lists

the injury sustained, physical and mental pain suffered, and any inconvenience caused.[3]

The trial court erred in finding that Strom did not present sufficient evidence of damages.

Strom testified that after the collision, he experienced neck and back pain that radiated into his arms

and legs.  He experienced numbness in his hand, which made it difficult for him to hold objects.

The symptoms disrupted his normal activities, caused stress in his marriage, and impeded his

mobility.  The pain continued through trial, and his treatment provided only temporary relief.

Dr. Sabet diagnosed Strom's symptoms and related those injuries to the collision.  This evidence

establishes a prima facie case of damages.

Appellee's argument that evidence of pain, suffering, and inconvenience is too "speculative"

without accompanying medical bills is inconsistent with settled precedent.  Medical expenses are

only one factor for assessing damages within a comprehensive list that the jury is permitted to

consider.  Model Jury Instrs.—Civ. No. 9.000(5).[4]  Appellee cites no Virginia law or precedent that

requires plaintiffs to introduce medical bills in order to establish pain, suffering, or inconvenience.

---

[3] In *Barkley v. Wallace*, 267 Va. 369, 373 (2004), the plaintiff's medical bills had been
discharged in bankruptcy, leaving *only* non-monetary damages.  Our Supreme Court held that
medical bills were "persuasive," "objective corroboration" of pain, suffering, and inconvenience,
but did not indicate they were mandatory prerequisites for establishing damages.  *Id.* at 373-74.

[4] Civil Model Jury Instruction No. 9.000 states:

> If you find your verdict for the plaintiff, then, in determining the
> damages to which he is entitled, you shall consider any of the

Although Strom presented no evidence of past or future medical expenses, he nonetheless established a prima facie case that he suffered bodily injuries as the result of the accident and consequently damages related to physical and mental pain, suffering, and inconvenience. *Wagnstrom*, 207 Va. at 764. As such, the trial court was obligated to grant Strom the reasonable inference that, notwithstanding the absence of medical expenses, a jury issue was presented. Whether that evidence ultimately would have persuaded the jury was neither for the trial court nor this Court to decide. The trial court therefore erred in finding that Strom failed to present evidence of damages and dismissing his case.

---

following which you believe by the greater weight of the evidence was caused by the negligence of the defendant:

    (1) any bodily injuries he sustained and their effect on his health according to their degree and probable duration;
    (2) any physical pain [and mental anguish] he suffered in the past [and any that he may be reasonably expected to suffer in the future];
    (3) any disfigurement or deformity and any associated humiliation or embarrassment he suffered in the past [and any that he may be reasonably expected to suffer in the future];
    (4) any inconvenience caused in the past [and any that probably will be caused in the future];
    (5) any medical expenses incurred in the past [and any that may be reasonably expected to occur in the future];
    (6) any earnings he lost because he was unable to work at his calling;
    (7) any loss of earnings and lessening of earning capacity, or either, that he may reasonably be expected to sustain in the future;
    (8) any property damage he sustained.

Your verdict shall be for such sum as will fully and fairly compensate the plaintiff for the damages sustained as a result of the defendant's negligence.

CONCLUSION

The trial court impermissibly invaded the province of the jury in granting Del Rosario's motion to strike Strom's evidence and dismissing the case. Accordingly, the trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*