Present:  Carrico, C.J., Compton, Stephenson, Whiting,[1] Lacy,
Hassell, and Keenan, JJ.

RONNIE D. PARKER

v.    Record No. 942042          OPINION BY ELIZABETH B. LACY
                                        September 15, 1995
ELCO ELEVATOR CORPORATION

            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  Benjamin N. A. Kendrick, Judge


     In this negligence action, we review the rulings made by
the trial court initially sustaining the defendant's pre-trial
motion in limine and culminating in the entry of an order
granting the defendant's motion for summary judgment.

     Ronnie D. Parker was riding in an elevator when it began
to descend at an excessive rate of speed, actuating a
multispeed governor which stopped the elevator abruptly.  As a
result of the incident, Parker claimed that his back and knees
were injured.  He was treated by several physicians and
ultimately he retired from his employment as a result of his
alleged injuries.

     Parker filed a motion for judgment against Elco Elevator
Corporation, alleging that Elco was responsible for the
maintenance of the elevator and that its negligence resulted in
his injuries.  Parker sought to recover damages for the pain
and suffering he experienced as a result of his injuries.
Because the accident occurred during the course of his
employment, Parker received reimbursement through his workers'

----

[1]Justice Whiting participated in the hearing and decision of
this case prior to the effective date of his retirement on
August 12, 1995.

compensation coverage for both his lost wages and medical expenses.

Following discovery, Elco filed a motion in limine seeking the exclusion of certain evidence. Specifically, Elco sought to exclude: (1) the testimony of Parker's treating physician because Parker failed to identify the physician as an expert within the agreed discovery period; (2) Parker's testimony regarding his medical treatment and the cause of his injuries; (3) Parker's medical bills; and (4) the testimony of William J. Meese, offered by Parker as an expert on elevator maintenance and safety.

Following argument of counsel, the trial court sustained Elco's motion in limine in its entirety. Immediately thereafter, Elco moved for summary judgment, arguing that without expert testimony on the issue of elevator maintenance, Parker could not present a prima facie case of negligent maintenance and was not entitled to rely on the doctrine of res ipsa loquitur. The trial court sustained this motion and entered summary judgment in favor of Elco. We granted Parker's appeal of these rulings and will reverse the judgment and remand the case for further proceedings.

The trial court erred in at least three particulars. First, the trial court erred in precluding Parker from testifying as to the medical treatment he received and the cause of his injuries. We have consistently held that "'lay

testimony of causal connection between an automobile accident and injury is admissible . . . even when medical testimony fails to establish causal connection expressly.'" Todt v. Shaw, 223 Va. 123, 127, 286 S.E.2d 211, 213 (1982) (quoting Peterson v. Neme, 222 Va. 477, 483, 281 S.E.2d 869, 872 (1981)).

Next, the trial court erred in excluding Parker's medical bills. The court's decision was based on Parker's failure to identify the bills or the amount of the bills as elements of his financial damage within the agreed discovery period. Parker, however, argued that the medical bills were offered solely to show that he was treated for physical injuries which, he contends, supports his allegation that he endured pain and suffering. Parker does not seek recovery for the amount of the medical bills; rather, he seeks recovery for the pain and suffering associated with the injuries he sustained. Therefore, Parker was not required to identify the medical bills as elements of financial damage when those bills were to be used for this limited purpose.

Finally, the trial court erred in excluding the testimony of Meese based on its finding that he "lacks scientific, technical, or other specialized knowledge pertinent to the issues of this case." The record reflects that the trial court reached this decision based on Meese's testimony that he did not know what caused the elevator's excessive speed of

descent.[2]  The trial court observed that this lack of knowledge made Meese's testimony speculative and therefore precluded Meese from appearing as an expert witness.  However, lack of this knowledge is fatal only if Parker's sole theory of negligence was Elco's failure to correct the condition of the elevator which allowed it to fall at an excessive rate of speed.  Parker's theory of Elco's negligence was not so limited.

Parker also alleged that Elco was aware of two previous incidents in which the multispeed governor was activated by an overspeed condition.  Relying on Otis Elevator Company v. Tuerr, 616 A.2d 1254 (D.C. 1992), and Otis Elevator Company v. Robinson, 287 F.2d 62 (5th Cir. 1961), Parker asserts that, under these conditions, Elco was negligent in not removing the elevator from service until the cause of the excessive speed was identified and corrected.  This theory of the case was not dependant on knowledge of the specific elevator defect causing the incident which allegedly resulted in injuries to Parker.  Therefore, Parker was entitled to present evidence to support

---

[2]We note that the trial court relied without objection on excerpts of Meese's discovery depositions as read into the record by Elco's counsel.  The ruling on this issue was immediately followed by Elco's motion for summary judgment, which was granted.  Rule 3:18 prohibits the use of discovery depositions "in whole or in part" in supporting a motion for summary judgment absent agreement of counsel.  See also Code § 8.01-420.  In the absence of a clear objection to the use of the discovery deposition in this manner, however, we review the court's decision in the posture presented to us.

his alternative negligence theory and to offer Meese as an expert on this standard of care.

Furthermore, because Meese's competence was considered based solely on excerpts from his discovery deposition, Parker had no opportunity to establish Meese's qualifications through voir dire.  Under these circumstances, we conclude that the trial court erred in excluding Meese from testifying as Parker's expert on elevator maintenance and safety.

These errors require that the judgment of the trial court be reversed and that the case be remanded for further proceedings.  In light of this disposition, Parker's remaining assignments of error are moot and we need not address them.

<u>Reversed and remanded.</u>