# CIRCUIT COURT OF THE CITY OF RICHMOND

Tandy Lee Burgess

v.

Criston M. Basdikis,
Revco Discount Drug Centers, Inc.,
and Revco D.S., Inc.

December 31, 1997

Law No. ML-5681

BY JUDGE JAMES B. WILKINSON

*Facts*

The plaintiff, Tandy Lee Burgess, requested a prescription refill for Imitrex on May 7, 1997, to be filled by the defendant pharmacy, Revco Discount Drug Centers, Inc., and Revco D.S., Inc. Instead of Imitrex, the pharmacist dispensed a drug known as Tofranil, which can manifest symptoms of coronary irregularity. After mistakenly taking the Tofranil, Ms. Burgess experienced rapid heart rate, chest pain and tightness of the chest, shortness of breath, nausea, faintness, and dizziness. The mistakenly filled prescription was discovered when Ms. Burgess sought medical treatment for these symptoms. As stipulated to by the defendant, Ms. Burgess's medical expenses totaled $669.00, and lost wages totaled $239.48.

The plaintiff filed suit for $50,000.00. This case was tried by jury on November 25, 1997, and the defendant was found liable to the plaintiff in the amount of $10,000.00. Counsel for the defendant moved the Court to find the jury verdict as excessive and grant remittitur. The motion was taken under advisement by the Court.

*Issues*

(1) Whether the Court improperly instructed the jury on the issue of pain and anguish reasonably expected to be suffered in the future by the plaintiff.

(2) Whether the verdict is excessive and remittitur is proper.

· *Discussion*

*Issue One*

A jury instruction allowing recovery based on future pain and mental anguish is proper when sufficient evidence is presented at trial to raise such a jury question. *Bell v. Kirby*, 226 Va. 641, 644, 311 S.E.2d 799 (1984). In *Bell*, the trial court presented an instruction containing the identical language presented in the case at bar: "any physical pain and mental anguish she suffered in the past and any that she may be reasonably expected to suffer in the future." *Id.* The Virginia Supreme Court held that a plaintiff can recover future damages upon presenting "enough evidence to raise a jury question of future pain and mental anguish." *Id.*

It is well established that a plaintiff's testimony of a causal connection is admissible even when medical testimony fails to do so. *Parker v. Elco Elevator Corp.*, 250 Va. 278, 280, 462 S.E.2d 98 (1995). A plaintiff is entitled to testify as to the medical treatment received and the cause of her injuries. *Id.* The weight of a witness's testimony is a question of fact for the jury.

Ms. Burgess testified that she continues to experience fear and anxiety at the thought of experiencing an elevated heart rate and she has reduced her physical activity due to this fear. She also testified that she continually anguishes from the memories of taking the mistakenly filled prescription.

The Court is of the considered opinion that the plaintiff presented sufficient evidence to raise a jury question of future pain and mental anguish. The jury was properly instructed on the issue of pain and anguish reasonably expected to be suffered in the future by the plaintiff.

*Issue Two*

The sanctity of the jury verdict is sought to be upheld by the Virginia courts and it is the Court's duty to uphold a fairly rendered verdict. *Smithey v. Sinclair Ref. Co.*, 203 Va. 142, 145, 122 S.E.2d 872 (1961). Before a

jury's verdict will be disturbed, there must be a clear showing that their decision was informed by improper factors. *Murphy v. Virginia Car. Freight Lines*, 215 Va. 770, 775, 213 S.E.2d 769 (1975); *Smithey*, 203 Va. at 145; *Danville Community Hosp.*, 186 Va. 746, 764, 43 S.E.2d 882 (1947). A verdict prompted by improper factors such as passion, prejudice, improper means, or not supported by the evidence will be disavowed. *Danville Community Hosp.*, 186 Va. at 764.

The Court also has a duty to correct a verdict that is so excessive as to shock its conscience or a verdict which causes the court to believe the jury was misled. *Campbell v. Hankins*, 217 Va. 800, 232 S.E.2d 794 (1977); *Edmiston v. Kupsenel*, 205 Va. 198, 135 S.E.2d 777 (1964); *National Fruit Product, Inc. v. Wagner*, 185 Va. 38, 41, 128 S.E.2d 437 (1946). If the court determines a verdict to be excessive, the successful party may be put on terms to accept a reduced amount, one that is deemed to be reasonable compensation for the injuries or the court may order a new trial on the issue of damages. Neither of these court orders are warranted "if the verdict merely appears to be large and more than the trial judge would have awarded had he been a member of the jury." *Edmiston*, 205 Va. at 202 (cites omitted). A verdict supported by sufficient evidence and reached by a fair and impartial trial must stand. *Id.*

The Supreme Court of Virginia has determined that "[t]here is no legal method or yardstick by which the precise value of human pain and suffering may be determined, nor is there any formula by which personal disfigurement may be appraised and a certain sum fixed upon as the true resultant damage." *Williams Paving Co. v. Kreidl*, 200 Va. 196, 204, 104 S.E.2d 758 (1958) (cites omitted). *See also Modaber v. Kelley*, 232 Va. 60, 69, 348 S.E.2d 233 (1986). In a personal injury case, the amount of damages to be awarded is left to the jury's discretion. *Id.* The jury's verdict, they having acted upon credible evidence and proper instructions, furnishes a reasonable standard for special damages. *Danville Community Hosp.*, 186 Va. at 764 (infant child suffered a severe burn at birth and was permanently scarred). Although the determination of the amount of damages in a personal injury action is properly within the province of the jury, its power to award damages is not arbitrary or unlimited. *Williams Paving Co.*, 200 Va. at 204. An amount awarded by a jury should be disturbed only where it is disproportional to the injury and loss suffered, where there is evidence of prejudice, partiality, or corruption, or where there is a showing of a mistaken view of the merits of the case. *Id.*

In the case at bar, evidence showed that the plaintiff experienced a physical reaction as a result of taking the mistakenly filled prescription.

Although the evidence indicated that Ms. Burgess suffered no permanent disability, evidence presented at trial included the pain and suffering Ms. Burgess experienced from taking the mistakenly filled medication and the anxiety and anguish she expects to experience in the future. There is no indication that the jury was prejudiced, showed partiality, was corrupted, or mistakenly viewed the merits of the case at bar. The Court knows of no reason to believe that the jury was misled nor is the verdict so excessive that it shocks the Court's conscience. In the case at bar, the jury's verdict is the appropriate standard for determining the amount of damages. Sufficient evidence was shown at trial which allowed the jury to fairly and impartially determine the amount of damages. The Court holds that the verdict of the jury was fairly rendered. Defendant's motion to grant remittitur is overruled.

## Conclusion

Sufficient evidence was presented at trial to raise a jury question of pain and anguish reasonably expected to be suffered by the plaintiff in the future. The Court holds that the jury was properly instructed on the issue of future pain and anguish.

The verdict of the jury was not prompted by improper factors. The verdict is supported by the evidence and does not shock the conscience of the Court as being excessive. The Court holds that the verdict of the jury was fairly rendered by proper factors and supported by the evidence. Thus, the defendants' motion to grant remittitur is overruled.