COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Friedman and Callins
Argued at Leesburg, Virginia

MICHAEL LYONS

v.      Record No. 0421-23-4

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
APRIL 23, 2024

MOSTAPHA EL JLAILATI

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

D. Cory Bilton (Bilton Law Firm, PLLC, on briefs), for appellant.

Sarah E. Marks (Ramika D. Stephens & Associates, on brief), for appellee.


Mostapha El Jlailati admitted liability for an auto accident that injured Michael Lyons. Lyons was awarded a total of $30,000 after a jury trial on the issue of damages. On appeal, Lyons argues that the trial court erred when it ruled that Lyons could only enter his medical bills into evidence for the purpose of showing his pain and suffering – and not for the purpose of proving economic damages.

I. BACKGROUND

El Jlailati testified that on November 22, 2017, he crashed his vehicle into the back of Lyons's vehicle. Lyons testified that he went to an orthopedist about a week after the accident because he was experiencing neck pain. Lyons also went to physical therapy sessions, and he received multiple "trigger point injections" into his back and neck. In addition, he went through "nerve ablations" procedures to help relieve his neck pain. Lyons also acknowledged that he had

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

suffered from intermittent neck pain since 2010. The record before us on appeal shows that he had gone to physical therapy for his neck pain before the accident occurred.

After testifying about the medical treatments that he received after the accident, Lyons attempted to introduce copies of his medical bills into evidence as an exhibit. Counsel for El Jlailati objected, arguing a lack of foundation, and he also argued that Lyons's medical expert "Dr. Mo would be the one to lay the foundation for each of the medical bills, which he will not do in his testimony that's coming up this afternoon." The trial court did not admit the medical bills into evidence at that time, and it indicated that Lyons's medical expert would first need to lay the appropriate foundation before the bills could be admitted into evidence.

Counsel for Lyons then played the pre-recorded video deposition of Dr. Fred Mo, an expert witness in orthopedic surgery.[1] Dr. Mo explained how he began treating Lyons for his neck pain in 2019. Dr. Mo testified, "Before coming to see me, he [Lyons] had a -- a significant amount of treatment, including physical therapy -- an extensive amount of visits -- as well as pain management. He did undergo injections into his neck by pain management physicians and tried to improve his symptoms." Dr. Mo's recommendation to Lyons "was to obtain a new MRI and also was to continue maximizing conservative treatment, meaning physical therapy, pain management further." Later in the deposition, counsel for Lyons asked:

> And the treatment that Mr. Lyons has received since the accident --
> the treatment that you've talked about, doctors' visits, physical
> therapy, pain management, getting the MRI, the follow up visits
> with you -- do you believe that all of that treatment is causally
> related to the accident in November of 2017?

---

[1] The record on appeal contains only the transcript from Dr. Mo's deposition; it does not contain the actual video of that deposition.

Dr. Mo then responded, "I do."  Counsel for Lyons then asked, "And all of the treatment that Mr. Lyons has received since the accident, has it been fair and reasonable?"  Dr. Mo responded, "They have been."

Shortly after Dr. Mo's video deposition concluded, counsel for Lyons told the trial court, "I intend to try and get the medical bills into evidence through my client."  Counsel for El Jlailati then objected and explained, "Dr. Mo didn't see all the bills; he just said that treatment was related.  I don't know what he's actually relating."  After taking a brief recess, the trial judge stated, "I can't see any basis on which I can let the Plaintiff [Lyons] testify concerning the bills and to get them into evidence absent a medical expert -- qualified medical expert -- testifying about the bills, showing that they are -- show medical necessity and/or causal relationship."  The trial court then found that Dr. Mo "hasn't gone through the bills" and that "Dr. Mo did not testify one word about the bills."  The trial court then sustained El Jlailati's objection to the introduction of the medical bills based on Dr. Mo's testimony.  Lyons then briefly testified about his medical expenses, and the trial court admitted Lyons's medical bills into evidence "for a very narrow purpose, and that's to show that the Plaintiff [Lyons] has pain and suffering damages that he's claiming -- not for the specific amounts on the bills."[2]

El Jlailati called Dr. John Bruno, an expert witness in general medicine and orthopedic surgery, to testify about Lyons's medical expenses.  Dr. Bruno admitted that it was appropriate for Lyons to receive an MRI and then go to physical therapy for his neck pain following the accident.  However, Dr. Bruno testified that the other medical treatments (such as the pain management treatment) were simply "treating the Degenerative Disc Disease that was present

---

[2] The trial court also gave Jury Instruction P, which reads in pertinent part, "The following medical bills were entered into evidence to assist you in determining pain and suffering, if you determine Plaintiff's pain and suffering at that time was causally related to this accident . . . Do not consider these medical bills in your determination of past medical bills." Jury Instruction P lists specific medical bills that Lyons entered into evidence.

before this accident." After closing arguments, the jury found that Lyons was entitled to $30,000 in damages. Lyons now appeals to this Court.

## II. ANALYSIS

On appeal, Lyons argues that the trial court erred when it only allowed him to enter his medical bills into evidence to show pain and suffering, and not to show economic damages. "We will not overturn a trial court's exercise of its discretion in determining whether to admit or exclude evidence on appeal unless the evidence shows that the trial court abused its discretion." *Riverside Hosp. Inc. v. Johnson*, 272 Va. 518, 529 (2006). "Of course, an error of law, 'by definition,' constitutes an abuse of discretion." *Carolino v. Commonwealth*, 79 Va. App. 170, 183 (2023) (en banc) (quoting *Bennett v. Commonwealth*, 69 Va. App. 475, 485 (2018)).

The Supreme Court has limited a plaintiff's ability to enter medical bills into evidence to prove damages. In *McMunn v. Tatum*, 237 Va. 558, 568 (1989), the Supreme Court stated, "Proof of medical expenses by the introduction of bills through the sole testimony of the plaintiff requires consideration of four major components: (1) authenticity, (2) reasonableness in amount, (3) medical necessity, and (4) causal relationship." 237 Va. 558, 568 (1989). The Supreme Court then explained:

> We now hold that where the defendant objects to the introduction of medical bills, indicating that the defendant's evidence will raise a substantial contest as to either the question of medical necessity or the question of causal relationship, the court may admit the challenged medical bills *only* with foundation expert testimony tending to establish medical necessity or causal relationship, or both, as appropriate.

*Id.* at 569 (emphasis added).

In a subsequent case, *Parker v. Elco Elevator Corp.*, 250 Va. 278, 280 (1995), the Supreme Court explained that when a plaintiff "does not seek recovery for the amount of the medical bills," but only "seeks recovery for the pain and suffering associated with the injuries he

- 4 -

sustained," then the plaintiff is "not required to identify the medical bills as elements of financial damage when those bills were to be used for this limited purpose." Consequently, under *Parker*, a plaintiff may rely solely on his own testimony as the required foundation (without any expert testimony) to enter his medical bills into evidence as proof that he suffered and that he was in pain because of his injuries. However, if a plaintiff intends to enter medical bills into evidence to recover the specific amount of money reflected in those bills and the defendant challenges the admission of those bills, then the plaintiff must have a medical expert testify about the reasonableness and causal connection of those medical bills to the plaintiff's injury – as required by the Supreme Court's decision in *McMunn*.

Here, Lyons initially tried to enter his medical bills into evidence as proof of economic damages relying solely on his own testimony as the layman patient. However, the trial court sustained El Jlailati's objection to the introduction of the bills, and the trial court required Lyons's medical expert, Dr. Mo, to lay an appropriate foundation for the medical bills before those bills could be admitted to prove economic damages. Given that El Jlailati challenged the medical necessity and causal connection of Lyons's medical bills, the trial court could admit the medical bills as evidence of medical expenses only if an expert testified about the necessity of the treatment and the causal connection of those bills to Lyons's injuries. *See McMunn*, 237 Va. at 569. Therefore, the trial court did not err when it did not admit Lyons's medical bills as evidence of his economic damages based solely on the testimony of Lyons.

Later during trial, Lyons tried to enter the bills into evidence again after he played the pre-recorded deposition of his medical expert, Dr. Mo. After watching Dr. Mo's testimony, the trial court made the specific findings that Dr. Mo "hasn't gone through the bills" and that "Dr. Mo did not testify one word about the bills." While Dr. Mo generally referenced the treatments that Lyons received, Dr. Mo did not state anywhere in his testimony that he reviewed

- 5 -

Lyons's medical bills. Consequently, given that Dr. Mo did not reference the medical bills during his testimony at all, Dr. Mo also did not testify that the bills were medically necessary or causally connected to the accident – as required by the Supreme Court's holding in *McMunn*. *See* 237 Va. at 569 (where the Supreme Court emphasized, "The mere receipt of bills regular on their face by a plaintiff furnishes no evidence of medical necessity or causal relationship."). Therefore, we cannot say that the trial court abused its discretion by refusing to allow Lyons to also use the medical bills as proof of his economic damages by simply showing the specific amount of those medical bills. Indeed, the trial court correctly determined that it could only admit Lyons's medical bills into evidence for the purpose of showing pain and suffering. While Lyons did not put on expert testimony laying the foundation for the bills to be used for "recovery for the amount of the medical bills," Lyons could still seek "recovery for the pain and suffering associated with the injuries he sustained" by showing that he sought medical treatment after the accident occurred. *Parker*, 250 Va. at 280.

Consequently, given that Lyons only provided his own testimony as a layman about his medical bills, we cannot say that the trial court abused its discretion when it admitted the medical bills into evidence only for the limited purpose of demonstrating Lyons's pain and suffering from the accident – and not for proving his economic damages.

## III. CONCLUSION

In short, Lyons failed to lay the proper foundation by expert testimony that is required to admit medical bills into evidence for the purpose of recovering the specific amount of damages reflected in those medical bills. Lyons's medical expert, Dr. Mo, did not testify about the medical bills at all, and, therefore, Dr. Mo's testimony did not explain how those bills were medically necessary or causally related to the accident. Therefore, Lyons failed to lay a proper foundation that would allow the trial court to admit the medical bills to show Lyons's economic damages.

Consequently, the trial court did not abuse its discretion when it refused to admit the medical bills into evidence for the purpose of recovering the amount of Lyons's economic damages based on those bills.  Nor did the trial court err when it allowed Lyons to admit those medical bills into evidence only for the limited purpose of showing his pain and suffering from the accident.

For the foregoing reasons, we do not disturb the decision of the trial court.

*Affirmed.*