## Richmond

MARY BAILEY, ADMINISTRATRIX, ETC. v. C. V. HUNTER, INC., ET AL.

June 13, 1966.

Record No. 6221.

Present, Eggleston, C. J., and Spratley, Snead, I'Anson, Carrico and Gordon, JJ.

*James H. Raby* for the plaintiff in error.

*Douglas A. Clark* for the defendants in error.

I'ANSON, J., delivered the opinion of the court.

Mary Bailey, administratrix of the estate of George Richard Washington, deceased, instituted this action against C. V. Hunter, Inc.,[1] and James Edward Franklin to recover for the wrongful death of her decedent as a result of alleged injuries sustained in an automo-

(1) The record shows the correct name to be "George V. Hunter, Inc."

bile accident. Defendants filed grounds of defense denying that the accident was the cause of decedent's death. The case was tried to a jury, and at the conclusion of all of plaintiff's evidence the trial court entered summary judgment for the defendants on the ground that plaintiff had not proved that her decedent died as a result of injuries received in the accident complained of. To this judgment we granted plaintiff a writ of error.

Plaintiff contends the court erred in holding that the certificate of death was not admissible to make out a *prima facie* case that the automobile accident was the cause of her decedent's death, and in entering summary judgment for the defendant.

The evidence shows that on November 27, 1961, Washington, who was 70 years of age, was operating his automobile in a southerly direction along route 29 in Culpeper county, Virginia, and while in the process of making a left turn off the highway into a private driveway his car was struck on its left side by a tractor-trailer owned by the corporate defendant and operated by its employee Franklin.

Andrew Russell Lee, a passenger in Washington's car, was taken from the car and placed in an ambulance. Washington got out of his car without assistance, and both parties were taken to a hospital in the ambulance. Plaintiff's evidence is conflicting as to whether Lee and Washington were first taken to the Culpeper Memorial Hospital and later transferred to the University of Virginia Hospital or taken directly to the latter hospital.

Plaintiff did not offer any medical testimony relating to Washington's alleged injuries or the cause of his death. A certified copy of the medical examiner's certificate of death was admitted in evidence for the limited purpose of establishing the fact of Washington's death. In admitting the certificate in evidence the trial court specifically stated that it could not be relied upon to prove the cause of death.

The death certificate, signed by the medical examiner of Albemarle county, Virginia, on December 2, 1961, shows, among other things, that Washington's death occurred in University of Virginia Hospital in Albemarle county on December 1, 1961, as a result of "Pulmonary Thrombotic Emboli due to Ruptured Spleen and Splenectomy due to Automobile Accident." This information was obtained by the medical examiner from the hospital chart.

Plaintiff contends that under § 32-353.27 (b), as amended, Code of 1950, 1964 Repl. Vol., the death certificate was *prima facie* evidence that decedent's death was caused by the accident, and that

the court erred in limiting its admissibility merely for the purpose of establishing Washington's death.

Code § 32-353.27(b) provides in part as follows:

"A certified copy of a certificate or any part thereof, issued in accordance with subsection (a), shall be considered for all purposes the same as the original, and shall be *prima facie evidence of the facts therein stated* \* \* \*." (Emphasis supplied.)

Unquestionably the statute makes a certified copy of a death certificate issued by the State registrar of the Bureau of Vital Statistics *prima facie* evidence of the facts stated therein. However, the language of the statute means that only *facts* contained in the certificate are accorded the dignity of *prima facie* evidence. The statute does not provide that a mere opinion or conclusion, expressed by a person signing the certificate who has no personal knowledge of the facts, shall be *prima facie* proof of the *facts* to be determined. *Life Ins. Co. of Virginia* v. *Brockman*, 173 Va. 86, 92, 3 S. E. 2d 480, 482.

The construction placed on the statute by this Court in *Brockman, supra*, is in accord with the great weight of authority. See *Dorsey* v. *Prudential Ins. Co. of America*, 124 W. Va. 100, 19 S. E. 2d 152, 154; *Branch* v. *Dempsey*, 265 N. C. 733, 145 S. E. 2d 395, 405, 406; *Equitable Life Assur. Soc. of U.S.* v. *Stinnett*, 13 F.2d 820, 822(1), (6th Cir.); *Morton* v. *Equitable Life Ins. Co.*, 218 Iowa 846, 254 N. W. 325, 96 A. L. R. 315, 320; *Kentucky Home Mutual Life Ins. Co.* v. *Watts*, 298 Ky. 471, 183 S. W. 2d 499, 502; *Backstrom* v. *New York Life Ins. Co.*, 183 Minn. 384, 236 N. W. 708; *Callahan* v. *Conn. General Life Ins. Co.*, 357 Mo. 187, 207 S. W. 2d 279; *Carson* v. *Metropolitan Life Ins. Co.*, 156 Ohio St. 104, 100 N. E. 2d 197, 28 A. L. R. 2d 344, 351. Contra: *Branford Trust Co.* v. *Prudential Ins. Co.*, 102 Conn. 481, 129 A. 379, 42 A. L. R. 1450. On the subject generally, see also: Annotations: 17 A. L. R. 366; 42 A. L. R. 1455; 96 A. L. R. 324; 28 A. L. R. 2d 352; 22 Am. Jur. 2d, Death, § 302, p. 818; 32 C. J. S., Evidence, § 638(b), pp. 823, 827-828; 27 N. Y. U. Law Rev. 158.

In the present case the statement in the death certificate that Washington's death was "due to an Automobile Accident" was taken from the hospital chart. It is clear from the evidence that the medical examiner never saw Washington prior to his death and he had no personal knowledge that the decedent was in an accident. If he had been called as a witness he could not have testified that death resulted from injuries received in the automobile accident complained of because he had no independent knowledge of the facts.

The statute making the certificate admissible as *prima facie* evidence limits the admissibility of the certificate to the *facts* contained therein. The mere opinion, surmise or conjecture of the medical examiner, which was based on hearsay as to the means and cause of death, is not a statement of fact as contemplated by the provisions of the statute. Thus the certificate was without probative force as to cause of death, and could not be treated as *prima facie* evidence to prove that decedent died as a result of the automobile accident complained of.

In an action to recover for the death of one alleged to have been caused by another's negligence, it is incumbent upon the plaintiff, in the absence of direct evidence, to show the existence of such facts and circumstances as would *justify the inference* that the death was caused by the wrongful act of the defendant and to *exclude the idea* that it was due to a cause with which the defendant was not connected. This question cannot be left to mere speculation or conjecture. *Davis v. Ellis*, 146 Va. 366, 376, 377, 126 S. E. 658, 661, 131 S. E. 815; *Hicks' Adm'x v. Romaine*, 116 Va. 401, 409, 82 S. E. 71, 74.

Plaintiff was put on notice that defendants would interpose the defense that Washington's death was not due to injuries received in the accident. What caused the physical infirmity that resulted in Washington's death was readily ascertainable through medical testimony along with other evidence, but plaintiff elected not to introduce such evidence and relied entirely on the death certificate, which was without probative force to establish the cause of death. Since plaintiff failed to prove the existence of such facts and circumstances as would justify the conclusion that the accident caused the death of her decedent, this question was left to pure conjecture and speculation. Hence the trial court did not err in entering summary judgment for the defendant.

For the reasons stated, the judgment is

*Affirmed.*