## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

MARIAN W. EDWARDS, ADMINISTRATRIX, ETC. v.
JUANITA BROWN JACKSON.

January 19, 1970.

Record No. 7031.

Present, All the Justices.

*Joseph R. Johnson, Jr.; William L. Wilson,* for plaintiff in error.

*S. J. Thompson, Jr.* (*D. L. Manson; Caskie, Frost, Davidson and Hobbs,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

The plaintiff, Marian W. Edwards, administratrix of the estate of Nathan Lewis Edwards, deceased, filed a motion for judgment against the defendants, Juanita Brown Jackson and Elmer Louis Hayton. In the motion for judgment, the plaintiff sought recovery of damages "for personal injuries suffered by her decedent" in an automobile accident "occasioned by the negligence of the defendants."

In an amended motion for judgment, the plaintiff alleged that the death of her decedent "was not occasioned by the acts of the defendants herein complained of." The defendants filed grounds of defense, and the matter was thereafter submitted to a jury.

The evidence at trial showed that the decedent was injured on June 24, 1966, in the automobile accident in question and that he was hospitalized for his injuries. Following his release from the hospital in July, he fainted while at work on September 23, 1966, and was taken to the hospital, where he died two weeks later.

During the trial, the plaintiff offered into evidence a certified copy of a death certificate signed by the physician who attended the decedent at the time of the latter's death. The certificate stated that the cause of death was "Acute Renal Failure and Shock Due To Acute Pancreatitis." The certificate was admitted over the defendants' objection that the cause of death listed therein was "the expression of an opinion." The plaintiff offered no other evidence concerning the cause of death.

At the conclusion of the evidence, the court granted summary judgment in favor of the defendant Hayton. The jury returned a verdict in favor of the plaintiff against the defendant Jackson in the sum of $7500.

Upon motion of the defendant Jackson, the trial court set aside the jury's verdict. In so acting, the court ruled it had erred in admitting the death certificate for the purpose of showing the cause of death of the decedent. A new trial was ordered.

Just before the second trial commenced, the plaintiff filed a motion asking, in effect, that she be permitted to join a cause of action under Code § 8-628.1[1], the survival statute, and a cause of action under Code § 8-633, the death by wrongful act statute. The plaintiff's motion was denied.

At the second trial, the plaintiff presented the testimony of the physician who attended the decedent at the time of the latter's death and who signed the death certificate. The doctor testified that the decedent's death resulted from the disease of "acute pancreatitis" which in turn caused "acute renal failure and shock." The witness explained that acute pancreatitis is "the digestion of the tissues of the

---

[1] "§ 8-628.1. *No action lost by death of person liable or persons having right of action; limitation.* . . . No cause of action for injuries to person or property shall be lost because of the death of the person in whose favor the cause of action existed, provided said person's subsequent death was not occasioned by the acts giving rise to such cause of action. . . ."

pancreas . . . by its own enzymes." The doctor was asked if the automobile accident was "the medical cause" of the decedent's death. He replied, "No, it was not."

The jury returned a verdict in favor of the plaintiff against the defendant Jackson in the sum of $3500. The court confirmed the verdict, and the plaintiff was granted a writ of error.

The principal contention of the plaintiff on appeal is that she is entitled to a new trial because the lower court erred in not permitting her, at the second trial, to join a cause of action under Code § 8-628.1, the survival statute, and Code § 8-633, the death by wrongful act statute. The plaintiff says that where an injured party dies before trial, it is essential to permit joinder of the two causes of action since otherwise recovery for the injury would be denied simply because it might be impossible to negate causal connection of death under the survival statute or to establish such causal connection under the death by wrongful act statute.

The difficulty with the position of the plaintiff is that, at this point, the question she urges upon us is academic. She has not been denied recovery for the injuries sustained by her decedent. She has been permitted to recover for those injuries in the cause of action brought by her under the survival statute, so it is immaterial that she was not allowed to join a cause of action under the death by wrongful act statute. She does not contend she was entitled to recover under both statutes. Only if the verdict of the jury had been adverse to the plaintiff would the question of joinder still be a live issue. As it is, the favorable verdict forecloses further inquiry into the subject.

■ This brings us to the subsidiary contention of the plaintiff that the trial court erred in setting aside the verdict returned at the first trial. The action was taken, as has been stated, because the court was of opinion it had erred in admitting the death certificate for the purpose of showing the cause of death of the decedent. The plaintiff says the certificate was competent for the purpose for which it was offered.

Code § 32-353.27 provides that a certified copy of a death certificate "shall be prima facie evidence of the facts therein stated." We have previously interpreted the statute as limiting the use of a death certificate in a situation similar to the one now before us.

In *Bailey, Adm'x* v. *Hunter, Inc.*, 207 Va. 123, 148 S.E.2d 826 (1966), we said that while such a certificate is prima facie evidence of the *facts* contained therein, a mere opinion or conclusion, expressed

by a person who has no personal knowledge of the facts, is not accorded such dignity. We held inadmissible a death certificate offered for the purpose of showing cause of death.

The plaintiff argues, however, that her case is distinguishable from *Bailey* because the person who signed the death certificate of her decedent was the latter's attending physician "who can be presumed to have first-hand knowledge of the facts." In the *Bailey* case, as the plaintiff points out, the person who signed the certificate was not the attending physician but a medical examiner who secured his information from a hospital chart.

It remains, however, that the statement in the certificate in this case of the cause of death, "Acute Renal Failure and Shock Due To Acute Pancreatitis," was but the expression of an opinion by the physician signing the certificate. Whether in a given case a person suffers from a particular disease and whether it is the cause of death are matters upon which medical experts sometimes disagree.

The testimony of the decedent's attending physician at the second trial pointed up the proposition that the statement of the cause of death in the certificate was merely an opinion. The testimony of the doctor showed his conclusion was based upon a number of highly technical factors with varying degrees of influence upon the formation of his opinion. That the decedent suffered from and succumbed to acute pancreatitis there can be no doubt. But in the absence of the doctor's testimony, the bare statement in the certificate that a disease of such a technical nature was the cause of death might have confused the jury of laymen and misled them to believe that death resulted from the automobile accident in question, when such was not the case.

The certificate was not, therefore, competent to show the cause of the decedent's death. Accordingly, it was not error for the trial court to set aside the verdict rendered at the first trial.

The judgment of the trial court confirming the second verdict will be affirmed.

*Affirmed.*