## Richmond

MARTHA E. MOORE, PERSONAL REPRESENTATIVE OF THE ESTATE OF HAROLD F. MOORE, DECEASED v. A. P. WOODSON CO., INC., ET AL.

January 15, 1973.

Record No. 7970.

Present, All the Justices.

*Robert L. Murphy (Murphy, Hart & O'Neill, on brief)*, for plaintiff in error.

*E. Waller Dudley (Thomas L. Appler; Boothe, Prichard & Dudley, on brief)*, for defendants in error.

Per Curiam.

In this action for wrongful death, Martha E. Moore, personal representative of the estate of Harold F. Moore, deceased, claimed that Mr. Moore had died as the result of a coronary attack negligently caused when the dwelling occupied by the deceased was rammed by a runaway truck owned by A. P. Woodson Co., Inc., and entrusted to Charles F. Young. At the conclusion of Mrs. Moore's case, the trial court struck the evidence and entered summary judgment in favor of Woodson and Young.

What evidence there is before us shows that on May 10, 1965, Mr. Moore and his wife, who is now acting as his personal representative, were seated in the living room of their home drinking coffee. Suddenly, the unoccupied Woodson truck, which had been operated

by Young and parked nearby, crashed into the room. Mr. Moore was not struck by the truck or by any of the falling debris.

Within a short time, Mr. Moore, who apparently had a pre-existing heart condition, became ill. He was taken to his physician, with whom he already had an appointment that day. He was hospitalized, apparently with a heart attack. He was discharged in "about 14 days," and he returned to work approximately two months later. On March 23, 1967, some twenty-two months after the entry of the truck into his home, he died, apparently from another heart attack.

We have used the word "apparently" in reciting the foregoing evidence because the record Mrs. Moore has brought us permits no more definite statement. The only testimony she had transcribed was what she gave in the court below. There is no other evidence before us, and especially no medical evidence. This brings about the point of difficulty in the case.

There is involved in this appeal the question whether, in negligence cases, recovery may be had for physical injuries resulting from fright and shock where there is no impact upon the victim's body by the negligent actor. Mrs. Moore contends we should follow a rule requiring no impact and permitting recovery if it is shown that the negligent act caused fright and shock resulting in physical injury. Alternatively, she argues that if proof of impact is required, the evidence in this case established such proof. Woodson and Young contend for a rule requiring impact, and they argue that no impact was shown.[1]

But whatever rule is followed, there is another vital issue in this appeal which we are unable to meet. That issue is causation, *i.e.*, did the negligent act of Woodson and Young, with or without impact, cause the death of Mr. Moore? The burden was upon Mrs. Moore to establish such causation. From the record she has brought us, we cannot determine whether she carried that burden. So even if we should adopt her view of the impact question, we could not grant her a new trial. The result is the affirmance of the judgment of the trial court.

*Affirmed.*

---

[1] Resolution of the controversy between the parties over what rule should be followed would involve an interpretation of *Bowles* v. *May,* 159 Va. 419, 166 S.E. 550 (1932). In the view we take of the present case in the next paragraph of the text, such an interpretation would not be appropriate.