# Richmond

JOHN LEWIS WARD, JR. v. COMMONWEALTH OF VIRGINIA.

September 5, 1975.

Record No. 741101.

Present, All the Justices.

*John Dirffie Tyler*, for plaintiff in error.

*Alan Katz, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

A jury convicted John Lewis Ward of voluntary manslaughter and fixed his punishment at three years in the penitentiary.

During an argument on November 26, 1973, Ward shot Benjamin Daniel in the head. Daniel remained in the hospital until his death on February 6, 1974. Dr. R. C. Henry, Medical Examiner for the City of Richmond, performed a post-mortem examination. His report listed six "pathological diagnoses" and cited "[g]unshot wound of head" as the "probable cause of death." Dr. Henry died before Ward was brought to trial.

Over defendant's objection, the autopsy report was admitted into evidence; it was the only proof of the cause of death.

While autopsy reports and duly attested copies thereof are admiss-

ible in evidence as provided in Code § 19.1-45 (Repl. Vol. 1960),[1] "only facts contained in the certificate are accorded the dignity of prima facie evidence." *Robertson v. Commonwealth*, 211 Va. 62, 67-8, 175 S.E.2d 260, 264 (1970). Although signed by the decedent's attending physician, a statement in a death certificate concerning the cause of death "was but the expression of an opinion" and "was not, therefore, competent to show the cause of the decedent's death." *Edwards v. Jackson*, 210 Va. 450, 453, 171 S.E.2d 854, 856 (1970). We have only recently declined to extend the shopbook exception to the hearsay rule to "include opinions and conclusions of physicians or others recorded in hospital records." *Neeley v. Johnson*, 215 Va. 565, 571, 211 S.E.2d 100, 106 (1975).

Dr. Henry's recorded statement was an expression of opinion and, standing alone, was incompetent to show the cause of Daniel's death. Since there was no other proof of the cause of death, we hold that the evidence was insufficient to support the verdict. The judgment is reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

---

[1] "§ 19.1-45. **Reports and records received as evidence.**—Reports of investigations made by the Chief Medical Examiner or his assistants or by medical examiners, and the records and reports of autopsies made under the authority of this chapter, shall be received as evidence in any court or other proceeding, and copies of records, photographs, laboratory findings and records in the office of the Chief Medical Examiner or any medical examiner, when duly attested by the Chief Medical Examiner or one of his Assistant Chief Medical Examiners, or the medical examiner in whose office the same are, shall be received as evidence in any court or other proceeding for any purpose for which the original could be received without any proof of the official character or the person whose name is signed thereto."