Curby C. RIFE, Appellee,

v.

W.D. BLANKENSHIP, Warden,
Appellant.

No. 83–6237.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1983.

Decided Nov. 23, 1983.

Robert Q. Harris, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellant.

Robert Austin Vinyard, Abingdon, Va. (Vinyard, Kalista & Cook, Abingdon, Va., on brief), for appellee.

Before WIDENER, MURNAGHAN and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

The state of Virginia appeals the district court's judgment granting Curby C. Rife a writ of habeas corpus. Rife was convicted in a Virginia state court of first degree murder. He contended, and the district court agreed, that the state did not prove every material element of the crime for which Rife was convicted—specifically, that there was insufficient evidence presented at trial that the bullet wound Rife inflicted caused the victim's death. We disagree, and reverse.

The evidence at trial was that on May 31, 1980, Rife and the victim, Clifford Justus, quarreled and Rife shot Justus in the back of the head with a thirty-eight caliber pistol from a range of a few feet. The victim's father testified that immediately after the shooting he felt his son's pulse and determined that Justus was still alive. The father ran to a nearby house to telephone an ambulance, returning to his son a few minutes later. Justus died in his arms within a few seconds of his return.

In addition to the father's testimony concerning the circumstances of Justus's death, the state offered an autopsy report that had been prepared by David Oxley, a pathologist at the Community Hospital of Roanoke Valley, Roanoke, Virginia. Dr. Oxley, however, did not testify—instead, the report was introduced under a Virginia rule of evidence that allows admission of reports and records of autopsies. Va.Code § 19.2–188 (1983). The report described in detail the nature of the victim's head wound. It stated, among other things, that "[t]here is no other evidence of injury to the head, neck, trunk, or extremities." Because Dr. Oxley did not testify, those portions of the autopsy report that contained the examining physician's opinion as to the cause of death were stricken before its introduction at trial.

After the jury convicted Rife of first-degree murder on this evidence, the Supreme Court of Virginia denied Rife's petition for appeal. Rife then sought and was granted habeas corpus relief in federal district court. The district court concluded that the state had failed to prove beyond a reasonable doubt a key element of first degree murder—that the shots to the head had caused the death. Virginia's contention in the district court was simply that there was sufficient evidence to prove beyond a reasonable doubt that the head wound caused the death. The sole issue, then, in this appeal is whether the state established beyond a reasonable doubt that the bullet wound was the cause of death.

The district court, in granting the writ of habeas corpus, cited *Ward v. Commonwealth*, 216 Va. 177, 217 S.E.2d 810 (1975). Starting from the proposition that the state must show that the victim is dead and that the death resulted from the defendant's criminal act or agency, the Virginia Supreme Court in *Ward* reversed a murder conviction after the state attempted to prove cause of death by the uncorroborated evidence of an autopsy report. The trial court in *Ward,* unlike the state trial court in the instant case, had admitted the autopsy report but had not stricken the opinion portion of the report. In the case we consider, there was evidence independent of the autopsy report that corroborated the cause of Justus's death. This sharply distinguishes *Ward* from this case. Apart from that, however, it is not the law of Virginia that is decisive of evidentiary sufficiency. We, of course, look to the criminal law of Virginia to find the elements of the crime of first degree murder. It is the federal constitutional rule, however, that determines whether each element of the offense was proven beyond a reasonable doubt. In a federal habeas corpus proceeding on the question of the sufficiency of the evidence to support a state criminal conviction, the appropriate standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

We are convinced that the record as a whole supports the jury's conclusion that Curby Rife murdered Clifford Justus—that a rational trier of fact could have found beyond a reasonable doubt all the elements of the crime of first degree murder, including the cause of death. Rife shot Justus, a young man with no apparent health problems, in the head at a very close range. The lay testimony of Justus's father established that Justus died within a few minutes of receiving the gunshot wound. The autopsy report contained a detailed description of the bullet's path through the victim's brain and indicated that there were no other signs of injury. The jury was entitled to conclude on the basis of this evidence that Rife's criminal action caused Justus's death. The Constitution does not require, as Rife seems to suggest, that the cause of death in circumstances such as were involved in this case, be proven only by expert testimony.

The district court's judgment granting the writ of habeas corpus is reversed.

REVERSED.