## CIRCUIT COURT OF THE CITY OF RICHMOND

David Wortham, Sr.,
Administrator of the
Estate of Beverly Wortham

v.

Virginia Physicians, Inc., et al.

June 16, 1998

Case No. LC-1353-3

BY JUDGE T. J. MARKOW

The parties came on the Motion in Limine to Exclude Photographs and Motion in Limine to Exclude Claims for Damages for Lost Income and Profits. Memoranda were received, and argument was heard. The underlying Motion for Judgment sounds in tort for wrongful death pursuant to Va. Code § 8.01-52.

The plaintiff seeks to introduce photographs depicting Beverly's life before her terminal illness (Group I[1]), as well as depictions of her deterioration throughout the illness (Group II). Photographs depicting the decedent in her coffin and on her deathbed were ruled inadmissible at the hearing. The defendants argue that the photographs in Group II are not relevant or material to the issues at trial and that they are calculated to arouse the sympathies and prejudices of the jury. *See Wright v. Kelly, Adm'r*, 203 Va. 135, 141 (1961). Further, the defendants contend that a wrongful death plaintiff may not recover for the pain and suffering of the decedent. Va. Code § 8.01-52(1); *Virginia Iron, Coal and Coke Co. v. Odle's Adm'r*, 128 Va. 280, 308-310 (1920). The plaintiff responds that he may introduce the Group I and II photographs in

---

[1] The parties agreed that two or three Group I pictures may be introduced at trial.

order to prove that the decedent's suffering exacerbated the family's grief. *See id.* at 310. The court disagrees; this argument is, at best, dicta from the *Odle's Adm'r* decision. The Group II photographs regarding the magnitude or seriousness of the decedent's illness are likely to inflame or prejudice the jury and should not be admitted. *See Breeding v. Johnson*, 208 Va. 652, 659-60 (1968). Damages for wrongful death are the losses suffered by the beneficiaries on account of their loss of the decedent, not the decedent's suffering endured during the pendency of her illness.

The plaintiff also seeks to introduce evidence of lost income and profits stemming from a verbal employment and profit sharing contract made in September, 1995, between Beverly Wortham, David Wortham (her husband), and William C. Wortham (David's brother). At the date of the agreement, William and his son, Carlton D. Wortham, owned and operated two truck accessory stores in Colorado. In addition, William and Carl founded a hood shield manufacturing business in November, 1995; it was incorporated in February, 1996, as ETA Corp. Beverly was to begin work as co-manager of the Grand Junction, Colorado, store in summer, 1996. She was to receive a salary of $350.00 per week, a one-third ownership interest in the corporation (together with David), and 10% of the store's monthly net profits (together with David). The hood shield product line was sold by ETA Corp. to a third party corporation in December 1996 for the guaranteed amount of $1 million, with the potential for an additional $1 million in royalties if sales targets are met. The two truck accessory stores were sold in January, 1997; one store was subsequently closed by the new owner. Due to Beverly's illness, she never traveled to Colorado to begin work or claim her ownership interest in William's business ventures. David never performed under the original agreement or negotiated new terms following his wife's death. Plaintiff seeks money damages for loss of (1) Beverly's anticipated salary with ETA, (2) profits from the ETA store which Beverly was to help manage, and (3) profits from the sale of the hood shield product line.

The defendant argues that the alleged lost profits are "remote, speculative, contingent, or uncertain" and should be excluded from the jury's consideration of damages. *E. I. duPont deNemours & Co. v. Universal Molded Products Corp.*, 191 Va. 525, 573 (1950); *Cassady v. Martin*, 220 Va. 1093, 1100 (1980); *Howell v. Calhoon*, 236 Va. 3, 8 (1988). In addition to factually distinguishing the aforementioned cases, the plaintiff responds by citing *Norfolk & W. Ry. v. Whitehurst*, 125 Va. 260 (1919), for the proposition that the defendant is liable for *all* consequences which "naturally flow" from the negligent act, whether or not they could have been reasonably anticipated. Further, the plaintiff argues that if there is any doubt on the issue of causation,

then this matter should be decided by the jury. *Winfree v. Jones*, 104 Va. 39, 51 (1905). Viewed retrospectively, the court finds the causation argument attenuated at best; it begs the questions of whether the plaintiff's decedent would have assumed her duties and ownership interest in Colorado even if her health had permitted; whether the stores would have remained profitable under Beverly's co-management and attracted a buyer in January, 1997; whether William and Carl would have honored the family's verbal ownership agreement and shared the proceeds of the business and product line sales with the plaintiff and decedent; and whether the hood shield royalties will produce an additional $1 million profit. The court does not view the damages for lost income and profits as flowing in a natural and continuous sequence from the defendant's actions. There are simply too many intervening factors unrelated to the defendant's alleged negligence which could have precluded Beverly from earning these amounts in the future. The court will not "enter a field of conjecture [on proximate causation and damages], where the uncertainty renders the attempt at exact conclusions futile." *Id.* at 45 (citation omitted).

For the reasons stated above, it is hereby ordered that the Motion in Limine to Exclude Photographs as to the decedent's progressive disease and death (Groups II and III) and the Motion in Limine to Exclude Claims for Damages are both sustained.