PRESENT:  All the Justices

MARGARET BARKLEY

v.  Record No. 030744   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        March 5, 2004
GEORGE E. WALLACE


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Norman Olitsky, Judge Designate


This is an appeal from a judgment in a personal injury action in which a plaintiff allegedly sustained injuries as a result of a motor vehicle collision.  We consider whether the circuit court erred in ruling that evidence of the plaintiff's medical bills and expenses that were discharged in bankruptcy was inadmissible for the limited purpose of proving her pain and suffering caused by the accident.

The following facts are relevant to this appeal.  In September 1994, Margaret Barkley was operating a motor vehicle that collided with another vehicle driven by George E. Wallace. Barkley filed a motion for judgment against Wallace alleging that she was injured as the result of Wallace's negligence in making "an unsafe lane change from the center lane into the right-hand lane of travel."[1]

---

[1] Barkley also named Wallace's employer, the City of Hampton, as a defendant.  However, the City was later dismissed from the action without prejudice by an order of nonsuit.

After filing her motion for judgment, Barkley filed a bankruptcy petition in a United States Bankruptcy Court, and her medical bills were discharged as a result of proceedings in that court. Wallace filed a motion in limine in the circuit court to preclude Barkley from introducing evidence of her medical bills and expenses as proof of her alleged damages. In response, Barkley asked the circuit court to allow her to present evidence that the total amount of her medical bills was $11,365.33, because "jurors oftentimes use the total amount of medical bills to try and determine a fair amount of 'pain and suffering.' "

The circuit court granted Wallace's motion, prohibiting Barkley "from presenting at trial any evidence of the medical bills and medical expenses she incurred regarding her medical treatment following the accident." The circuit court based its ruling on the sole ground that those bills and expenses had been discharged in bankruptcy. After this ruling, Wallace admitted liability for the accident, and the case was set for a jury trial on the issue of damages.

At trial, Barkley testified that she received medical treatment, physical therapy, and chiropractic care for her injuries. She stated that she did not obtain any medical treatment after April 1995, because she no longer could afford to pay her medical bills. Barkley explained that she missed some physical therapy appointments because she lacked transportation,

2

had constant pain, was unable to pay for continued treatment, and experienced forgetfulness resulting from certain medications she was taking.

Barkley also testified that she was unable to perform her duties as a financial consultant and insurance agent because of continued pain and an inability to sit or stand for long periods of time. She stated that she still experiences headaches and pain in her neck and shoulders and is limited in her ability to perform ordinary tasks, such as sewing clothes and lifting her grandchildren.

Linda Schneider, M.D., Barkley's treating physician, testified that from September 1994 through April 1995, she treated Barkley for injuries caused by the accident. Dr. Schneider stated that Barkley initially complained of headaches, nausea, difficulty sleeping and focusing her eyes, and pain in her neck, back, and shoulders. Dr. Schneider diagnosed Barkley as suffering from, among other things, spasms in her neck and lower back. Dr. Schneider referred Barkley for physical therapy and chiropractic care to facilitate her recovery and to ease her back pain.

Dr. Schneider further testified that when she last examined Barkley in April 1995, Barkley still was experiencing intermittent stiffness and pain in her neck and lower back, and she could not sit in one position for longer than ten minutes at a time. Dr.

Schneider stated that at the time of this last examination, she thought that Barkley's condition would improve within six months.

At the conclusion of the evidence, the jury returned a verdict in Barkley's favor, awarding her damages of $10,000, and the circuit court entered final judgment on the verdict. Barkley appeals.

Barkley argues that the circuit court erred in prohibiting her from presenting to the jury the total amount of the medical bills she incurred after the accident. She asserts that she was entitled to introduce this evidence to demonstrate to the jury the extent of her medical treatment to support her claim of pain and suffering caused by the accident.

In response, Wallace argues that the circuit court properly excluded from evidence the total amount of Barkley's medical expenses because, at the time of trial, Barkley was no longer responsible for the payment of her medical bills. Wallace contends that the total amount of Barkley's medical expenses would not have assisted the jury in understanding the extent of Barkley's medical treatment. He further observes that Barkley "had every opportunity at trial to present testimony outlining the extent of her medical care."

In resolving this issue, we first emphasize the limited nature of the question presented. Barkley did not seek to have the amounts she was charged for medical services admitted into

evidence to obtain recovery of those amounts as an element of compensatory damages.  Thus, we are not presented with and do not decide the question whether evidence of medical bills is admissible to recover the amount charged for such treatment when a plaintiff has obtained a discharge of those medical bills in bankruptcy proceedings.[2]  We decide only the issue whether the excluded evidence was admissible to prove the extent of Barkley's medical treatment to support non-monetary elements of her compensatory damages claim.

Generally, a litigant is entitled to introduce all competent, material, and relevant evidence that tends to prove or disprove any material issue in the case, unless that evidence violates a specific rule of admissibility.  Tarmac Mid-Atlantic, Inc. v. Smiley Block Co., 250 Va. 161, 166, 458 S.E.2d 462, 465 (1995); Barnette v. Dickens, 205 Va. 12, 15, 135 S.E.2d 109, 112 (1964).  Every fact that tends to establish the probability or improbability of a fact at issue is relevant.  Velocity Express Mid-Atlantic, Inc. v. Hugen, 266 Va. 188, 205, 585 S.E.2d 557, 566-67 (2003); Virginia Elec. & Power Co. v. Dungee, 258 Va. 235, 260, 520 S.E.2d 164, 179 (1999); Wood v. Bass Pro Shops, Inc., 250 Va. 297, 303, 462 S.E.2d 101, 104 (1995).  Therefore, evidence is relevant if "it tends to establish a party's claim or defense or

_____

[2] For the same reason we do not consider whether, for purposes of trial in a tort action, medical bills discharged in

5

adds force and strength to other evidence bearing upon an issue in the case." Breeden v. Roberts, 258 Va. 411, 416, 518 S.E.2d 834, 837 (1999); accord McNeir v. Greer-Hale Chinchilla Ranch, 194 Va. 623, 628, 74 S.E.2d 165, 169 (1953).

We have not previously addressed the exclusion of medical bills offered only to prove non-monetary elements of a compensatory damages claim, such as pain and suffering, when those bills have been discharged in bankruptcy. However, in a different context not involving a bankruptcy discharge, we considered the admissibility of medical bills offered for the limited purpose of establishing pain and suffering as an element of damages.

In that decision, Parker v. Elco Elevator Corporation, 250 Va. 278, 462 S.E.2d 98 (1995), a plaintiff failed to comply with an agreed discovery deadline requiring him to specify all monetary damages he claimed from an injury allegedly sustained as a result of the defendant's negligence. Because of this discovery violation, the circuit court prohibited admission of the plaintiff's medical bills despite his request that they be received for the limited purposes of showing that he received medical treatment for his injuries and to support his claim of pain and suffering. We held that the circuit court erred in excluding evidence of the medical bills for those limited purposes. Id. at 280, 462 S.E.2d at 100.

bankruptcy are "incurred" by a plaintiff.

Like the medical bills in Parker, the medical bills before us were relevant because they tended to establish the probability of Barkley's claim that she experienced pain and suffering as a result of the accident. Evidence of the medical bills also was relevant to establish the inconvenience that Barkley experienced because of Wallace's negligence.

These subjects were directly related to the central issue before the jury, the extent of Barkley's damages. Moreover, the fact that the bills had been discharged in bankruptcy was irrelevant to the question whether Barkley experienced pain, suffering, and inconvenience as a result of the accident. Thus, the circuit court erred in excluding the medical bills on the ground of Barkley's prior bankruptcy.

We therefore must decide whether the exclusion of this relevant evidence was reversible error.[3] In a civil case, the erroneous exclusion of evidence is reversible error when the record fails to show plainly that the excluded evidence could not have affected the verdict. Pace v. Richmond, 231 Va. 216, 226, 343 S.E.2d 59, 65 (1986); see Code § 8.01-678. Thus, we

---

[3] We note that the nature of the proof that Barkley sought to have admitted was made clear to the circuit court in a pretrial motion. Thus, no additional proffer of that excluded evidence was required to preserve her claim of reversible error. See Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999).

consider the potential effect of the excluded evidence in light of all the evidence that was presented to the jury.

We observe that both Barkley and Dr. Schneider testified regarding the pain Barkley experienced.  Nevertheless, we think that the jury could have viewed the evidence of the medical bills as persuasive and objective corroboration of the subjective descriptions of pain related by Barkley in her own testimony.

The jury also could have viewed evidence of the bills as objective corroboration of Dr. Schneider's testimony, which necessarily relied in part on Barkley's subjective complaints of pain.  As Dr. Schneider explained during her testimony, complaints of pain and tenderness are "subjective" in nature.  Therefore, we conclude that the record fails to show plainly that the evidence of Barkley's medical bills was merely cumulative in nature such that its exclusion could not have affected the verdict.  See Code § 8.01-678; May v. Caruso, 264 Va. 358, 363, 568 S.E.2d 690, 693 (2002).  Accordingly, we hold that the circuit court's exclusion of this evidence for the limited purposes sought by Barkley was reversible error.

For these reasons, we will reverse the circuit court's judgment and remand the case for a new trial.

Reversed and remanded.

JUSTICE KINSER, with whom JUSTICE LACY and JUSTICE AGEE join, concurring in part and dissenting in part.

I agree with the majority opinion except with regard to its disposition of the question whether the trial court's exclusion of the evidence of the plaintiff's medical bills was harmless error. Considering the form of the evidence and the limited purpose for which it was offered, I conclude that the evidence in question was merely cumulative in nature and its exclusion could not have affected the verdict. See May v. Caruso, 264 Va. 358, 363, 568 S.E.2d 690, 693 (2002).

It is important to emphasize that the plaintiff assigns error to the trial court's refusal to allow her to present to the jury the total amount of her medical bills. In other words, she is not asserting on appeal that she should have been allowed to introduce the actual bills for the purpose of proving pain and suffering.[*] This distinction is important because a single figure representing the total amount of an individual's medical bills does not demonstrate the number of times the person received treatment or the nature of the treatment. In some instances, one noninvasive diagnostic test can cost as much as many visits to a physical therapist or chiropractor.

As the majority notes, the plaintiff's treating physician, Linda Schneider, M.D., testified about her findings when she first examined the plaintiff on September 26, 1994. Dr.

9

Schneider also stated that she referred the plaintiff for physical therapy treatments in order to speed up the recovery and later for a chiropractic evaluation because the plaintiff continued to experience significant symptoms. Dr. Schneider, however, still treated the plaintiff while she underwent the physical therapy and did so until April 1995. Based on a stipulation by the parties that the plaintiff missed 17 out of 41 scheduled physical therapy appointments, it is apparent that she underwent at least 24 treatments by a physical therapist.

Considering this testimony along with the plaintiff's complaints about her continued pain and inability to perform her duties at work and at home, I conclude that evidence showing the total amount of the plaintiff's medical bills would not have corroborated the plaintiff's subjective complaints of pain or Dr. Schneider's testimony. This is so because that dollar and cents figure did not reveal the kind or duration of treatment the plaintiff received. For example, if the total amount of the medical bills was comprised primarily of the charges incurred when she was examined in a hospital emergency room and underwent x-rays on the day of the accident, then that figure would not have corroborated the plaintiff's testimony that she suffered pain for many months. However, if the figure represented many

---

*At trial, the plaintiff moved the circuit court to allow her to submit her medical bills in "summary form" and to tell

visits to Dr. Schneider, the physical therapist, and the chiropractor, and also included charges for pain medications, then the total amount of the medical bills would have been objective corroboration of the plaintiff's complaints of pain, suffering, and inconvenience.

Without any itemization and explanation of the individual charges included in the total amount of the plaintiff's medical bills, I conclude that the numerical figure which the plaintiff sought to introduce would not have assisted the jury in resolving any disputed issue in this case. See May, 264 Va. at 363, 568 S.E.2d at 693. Its exclusion by the trial court could not have possibly affected the jury's verdict and was therefore harmless error. For that reason, I respectfully concur in part and dissent in part and would affirm the judgment of the circuit court.

---

the jury the total amount of the bills.