# CIRCUIT COURT OF THE CITY OF ROANOKE

Henry C. Wolf,
Personal Representative of
Edna Heiden,
deceased

v.

A+ Loving Care, Inc., et al.

December 28, 2006

Case No. CL0400678-00

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on Motions in Limine. For the following reasons, the Motions are denied, at this time.

*Facts and Procedural Disposition*

On June 25, 2004, Henry C. Wolf, Personal Representative of the deceased, Edna Heiden, filed this wrongful death action against the Defendants, The Park Oak Grove ("Park Oak Grove") and A+ Loving Care ("A+") for damages pursuant to Virginia Code § 8.01-50. The original Motion for Judgment also named Robert C. Elliot, Jr., and Jane Ann Matheny, R.N., as Defendants; however, this matter against Elliot and Matheny was nonsuited by Order entered February 24, 2005.

The parties filed several Motions in Limine, some of which raised issues that had been resolved by the parties prior to the hearing on December 12, 2006. On December 28, 2006, Wolf was granted a voluntary nonsuit against Park Oak Grove. Three motions are left for disposition: (1) Defendant A+'s Motion to Exclude Evidence Unrelated to the Proximate Cause of Edna Heiden's Death; (2) Defendant A+'s Motion to Limit the Number of Plaintiff's Expert Witnesses; and (3) Plaintiff's Motion to Exclude from Evidence (i) two Do Not Resuscitate Orders, (ii) a Surrogate Directive Statement, (iii) Edna Heiden's Living Will, and (iv) Edna Heiden's Death Certificate.

*Analysis*

A. *Defendant's Motion to Exclude Evidence Unrelated to the Proximate Cause of Edna Heiden's Death*

In its first Motion, Def. A+'s First Mot. in Limine, A+ seeks to exclude evidence of any condition of Edna Heiden that was not the proximate cause of her death. Such conditions include the existence of decubitus ulcers, dehydration, and the use of a Foley catheter.

To recover in a wrongful death action, the plaintiff must prove (1) that the Defendant was negligent and (2) that the Defendant's negligence was the proximate cause of the decedent's death. *Bowers v. Bristol Gas & Electric Co.*, 100 Va. 533, 535-36, 42 S.E. 296 (1902); *Moore v. A. P. Woodson Co.*, 213 Va. 464, 465, 193 S.E.2d 800 (1973). To prove or disprove negligence (as the case may be), both parties are entitled to present evidence that is both relevant and material. "[A] litigant is entitled to introduce all competent, material, and relevant evidence that tends to prove or disprove any material issue in the case, unless that evidence violates a specific rule of admissibility." *Barkley v. Wallace*, 267 Va. 369, 373, 595 S.E.2d 271 (2004). "Every fact that tends to establish the probability or improbability of a fact at issue is relevant." *Id.* Therefore, evidence is relevant if "it tends to establish a party's claim or defense or adds force and strength to other evidence bearing upon an issue in the case." *Id.* (citing *Breeden v. Roberts,* 258 Va. 411, 518 S.E.2d 834 (1999)). However, a determination of whether evidence is relevant or material should be left for trial when the evidence can be considered in the context of all issues presented. *See* 11-1 *Law of Evidence in Virginia*, § 11-2; *see also Harward v. Commonwealth*, 5 Va. App. 468, 474, 364 S.E.2d 511 (1988). "Evidentiary rulings or relevance and materiality issues usually can only be

made at trial. . . ." *Harward*, 5 Va. App. at 474, because "it is impossible to determine the relevance of evidence in isolation from the issues and other evidence in the trial." 11-1 *Law of Evidence in Virginia*, § 11-2.

The issue in this case is whether A+ Loving Care was negligent, and, if so, whether its negligence was the proximate cause of Edna Heiden's death. All parties agree that the proximate cause of Edna Heiden's death was malnutrition. The Defendant asserts that the Plaintiff should not be permitted to introduce any evidence that is not relevant, including the existence of decubitus ulcers, dehydration, and the use of a Foley catheter. Def. A+'s First Mot. in Limine and Mem. of Law in Support, at 3-5. To introduce evidence of these conditions, the Defendant argues, would be irrelevant and prejudicial. Def's A+'s First Mot. in Limine and Mem. of Law in Support, at 4.

The Court agrees that, because the uncontroverted proximate cause of death of Edna Heiden was malnutrition, evidence unrelated to the issue of the case, whether the Defendant's conduct was the proximate cause of the malnutrition, is irrelevant. This does not mean, however, that evidence of ulcers, dehydration, and the use of the Foley catheter are inadmissible for other purposes. *See Breeding v. Johnson*, 208 Va. 652, 659-60, 159 S.E.2d 836 (1968) (finding that "evidence regarding the magnitude and seriousness of the injuries of a decedent, the extent of the mutilation of his body, and other circumstances likely to inflame a jury or invite its sympathy, should not be admitted," but that such evidence was admissible because it showed the identity of the defendant); *but see Wortham v. Virginia Physicians, Inc.*, 46 Va. Cir. 63, 63-64 (1998) (granting defendants' motion to exclude photographs of the decedent's deteriorating health over the plaintiff's claim that they would show family grief because they were likely to inflame or prejudice the jury).

As discussed at hearing of these matters, the Plaintiff's expert, for example, could testify that the ulcers and dehydration are symptoms of malnutrition and were considered in isolating malnutrition as the proximate cause of death. Nonetheless, any negligence of the Defendant associated with such ulcers and dehydration would be needlessly prejudicial and ordinarily would not be admitted. The essence of the Defendant's Motion depends on relevance, and as issues of relevance can be better analyzed at trial, *see Harward*, 5 Va. App. at 474, the Court denies the Motion at this time. Counsel may, of course, raise any appropriate objection at trial.

## B. *Defendant's Motion to Limit the Number of Plaintiff's Expert Witnesses*

The Defendant moves the Court to limit the number of expert witnesses the Plaintiff may call. Def. A+'s Fourth Mot. in Limine.

Circuit courts have broad discretion to impose limits on the number of expert witnesses. *Virginia Financial Assoc., Inc. v. ITT Hartford Group, Inc.*, 266 Va. 177, 186, 585 S.E.2d 789 (2003). The Defendant suggests that the number of Plaintiff's experts should be limited to two witnesses. Def. A+'s Fourth Mot. in Limine. The Motion suggests that to hear the testimony of all of the Plaintiff's expert witnesses would be cumulative as they all will testify to the standard of care. Def. A+'s Fourth Mot. in Limine. The Plaintiff, however, has identified each expert in its brief and indicates that it does not intend on calling each expert to testify to standard of care. Pl.'s Resp. to Def. A+'s Fourth Mot. in Limine and Def. Park Oak Grove's Third Mot. in Limine, at 4. It appears the Plaintiff has five experts.

The Court will not impose a limit on the Plaintiff's expert witnesses at this time based on counsels' representation that this issue may well be resolved by agreement. Therefore, the Defendant's Motion is denied. However, the Plaintiff is to identify those experts it intends to call and advise the Defendant of that information by 5:00 p.m., January 15, 2007, if it has not been done already. Thereafter, counsel may schedule a telephone conference if the number of experts remains an issue.

## C. *Plaintiff's Motion to Exclude*

The Plaintiff moves the Court to exclude from evidence the following items: (1) Two DNR Orders, (2) a Surrogate Directive, (3) Edna Heiden's Living Will, and (4) Edna Heiden's Death Certificate. Pl.'s Mot. in Limine The Plaintiff argues that the DNR Orders, Surrogate Directive, and Living Will are irrelevant to the issue of negligence, and would prejudice a jury. *Id.* at 8. As to the Death Certificate, the Plaintiff contends that the Death Certificate cannot be introduced to show Edna Heiden's cause of death. *Id.* at 12.

To the contrary, the Defendant asserts that, although the DNR Orders, Surrogate Directive, and Living Will are detrimental to the Plaintiff's case, they are not unduly prejudicial and tend to show that Edna Heiden's death was anticipated rather than caused by the Defendants' negligence. Def. A+'s Brief in Opposition to Pl.'s Mot. in Limine at 4. In addition, the Defendant argues the Death Certificate is admissible because it was prepared by Edna Heiden's treating physician, who is available to testify. Def. A+'s Brief in Opposition to Pl.'s Mot. in Limine.

## 1. *DNR Orders, Surrogate Directive, and Living Will*

As previously noted, "[a] litigant is entitled to introduce all competent, material, and relevant evidence that tends to prove or disprove any material issue in the case, unless that evidence violates a specific rule of admissibility." *Barkley*, 267 Va. at 373. Relevant evidence whose prejudicial effect outweighs its probative value is inadmissible. *Farley v. Commonwealth*, 20 Va. App. 495, 498, 458 S.E.2d 310 (1995). However, as the Court has also already stated, whether evidence is relevant is an issue better left for trial. *See Harward*, 5 Va. App. at 474. Since the prejudicial value of evidence is related to a relevance inquiry, the Court finds that whether the DNR Orders, Surrogate Directive, and Living Will are unduly prejudicial is also a determination that should be made at trial. Therefore, the Court denies the Plaintiff's Motion to Exclude at this time and counsel may interpose any appropriate objection at trial.

## 2. *Death Certificate*

Va. Code § 32.1-272(B) provides, in pertinent part:

A certified copy of a vital record or any part thereof … shall be considered for all purposes the same as the original and shall be prima facie evidence of the facts therein stated, provided that the evidentiary value of a vital record filed more than one year after the event or a vital record which has been amended shall be determined by the judicial or administrative body or official before whom the certificate is offered as evidence.

Virginia Code § 32.1-272(B) (1950) (amended 2005). The Supreme Court of Virginia has held that a decedent's death certificate is inadmissible evidence of cause of death because the certificate was only prima facie evidence of facts therein, not of "opinion or surmise or conjecture … based on hearsay." *Bailey v. Hunter*, 207 Va. 123, 126, 148 S.E.2d 826 (1966). Later, the Court found that the decedent's death certificate was inadmissible to show cause of death because the person who signed the certificate was not the attending physician who had personal knowledge of the decedent's condition. *Edwards v. Brown*, 210 Va. 450, 453, 171 S.E.2d 854 (1970).

Contrary to *Bailey* and *Edwards*, Edna Heiden's death certificate is admissible in this case because her attending physician, with personal knowledge of her condition, prepared the death certificate. To the extent it

states facts, the death certificate is not a "bare statement" *Id.* showing cause of death, but evidence with "probative force as to cause of death." *Bailey*, 207 Va. at 126. Thus, the Plaintiff's Motion to Exclude regarding Edna Heiden's death certificate is denied as to the facts stated therein.

## Conclusion

For the foregoing reasons, the Court denies the Defendant's Motion to Exclude, the Defendant's Motion to Limit, and the Plaintiff's Motion to Exclude.