COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Fulton

VINCENT COLBERT

                                                          MEMORANDUM OPINION*
v.      Record No. 1458-22-4                                PER CURIAM
                                                            MAY 9, 2023

MARTRELL SPAIGHT


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

(D. Cory Bilton; Bilton Law Firm, PLLC, on briefs), for appellant.

(Heather K. Bardot; Kara A. Schmidt; McGavin, Boyce, Bardot,
Thorsen & Katz, PC, on brief), for appellee.


Vincent Colbert filed a personal injury suit in Fairfax County Circuit Court against Martrell

Spaight stemming from a motor vehicle collision on October 26, 2015. After a three-day trial, the

jury returned a verdict in favor of Spaight, and the circuit court entered judgment reflecting that

verdict. On appeal, Colbert argues that the circuit court committed reversible error in refusing to

admit his medical bills into evidence. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We find that the record before us is insufficient to allow us

to consider the assignment of error, and therefore affirm the circuit court's judgment.

BACKGROUND

Colbert filed a complaint alleging that on October 26, 2015, Spaight negligently rear-ended

his vehicle and injured Colbert in the accident. In his answer, Spaight denied the allegations of

_____

* This opinion is not designated for publication. *See* Code § 17.1-413.

Colbert's complaint; Spaight asserted that he was not negligent and did not cause the accident or, in the alternative, that Colbert was contributorily negligent in the collision.

On the second day of the jury trial, Dr. John Peters testified on behalf of Colbert as an expert neurologist. Dr. Peters testified that he first met Colbert in October of 2021, six years after the collision. He reviewed Colbert's prior medical records, examined Colbert, and noted Colbert's statements about the accident and his symptoms. Dr. Peters concluded that, based on that evidence, Colbert suffered a concussion in the collision. Dr. Peters then testified that Colbert's treatment after the collision was reasonable and related to his injury from the collision. On cross-examination, when asked which of Colbert's specific visits to medical treatment providers that he would relate to the collision, Dr. Peters testified that he "would have to go back and look at the records specifically" and that "it's been a while since [he] looked at the records." Dr. Peters then went on to relate two of Colbert's medical visits to the collision, but he was unable to connect any of the other treatment dates to the accident without "look[ing] at that particular encounter note." When defense counsel stated that some of the treatments in the records indicated that they were specifically for injuries sustained in a subsequent vehicle collision in 2017, Dr. Peters replied, "[I]f you're telling me that, I'll accept that." Ultimately, when asked if he "kn[ew] what [Colbert] was seen for on those dates," Dr. Peters testified that he "would have to go back and look."

Colbert then moved to introduce medical bills into evidence; Spaight objected, asserting that under the principles of *McMunn v. Tatum*, 237 Va. 558 (1989), Colbert failed to lay proper foundation that the bills were related to the collision. After hearing argument, the circuit court sustained the objection, and excluded the medical bills.

At the close of trial, the circuit court instructed the jury to determine: (1) if Spaight was negligent; (2) if such negligence was the proximate cause of an injury to Colbert; and (3) if

- 2 -

Spaight's negligence proximately caused an injury, the amount of damages Colbert was entitled to recover. The jury returned a verdict in favor of Spaight, awarding no damages to Colbert.

ANALYSIS

Colbert argues that he laid sufficient foundation for introducing the medical bills for the treatment he claimed related to the collision and that in excluding that evidence the circuit court committed reversible error. We cannot reach the merit of Colbert's assignment of error because he failed to provide this Court with a sufficient record to do so.

"[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993) (quoting *Justis v. Young*, 202 Va. 631, 632 (1961)). "If the appellant fails to do this, the judgment will be affirmed." *Id.* (quoting *Justis*, 202 Va. at 632).

"In a civil case, the erroneous exclusion of evidence is reversible error when the record fails to show plainly that the excluded evidence could not have affected the verdict. Thus, [appellate courts] consider the potential effect of the excluded evidence *in light of all the evidence that was presented to the jury*." *Barkley v. Wallace*, 267 Va. 369, 374 (2004) (emphasis added) (citing *Pace v. Richmond*, 231 Va. 216, 226 (1986)); *see also Commonwealth v. Proffitt*, 292 Va. 626, 642 (2016).

In his appeal, Colbert filed only two partial transcripts from his three-day jury trial. The transcript extracts which Colbert filed reflect the testimony of Dr. Peters, Colbert's argument on the admissibility of the medical bills, the admission of some of Spaight's exhibits, the pretrial depositions of other medical experts, and the final instructions to the jury with closing arguments. Colbert filed no transcripts, or written statements of fact in lieu of transcripts, containing the other evidence that the parties introduced at trial. Further, Colbert never proffered the medical bills to the

court after they were excluded and, therefore, they are not part of the record. "In Virginia, when '[evidence] is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer.'" *Ray v. Commonwealth*, 55 Va. App. 647, 649 (2010) (quoting *Whittaker v. Commonwealth*, 217 Va. 966, 968 (1977)). "It is well established that a party who wishes to challenge the trial court's exclusion of evidence on appeal must provide a proffer of that evidence that is adequate to permit this Court to determine whether the lower court erred." *Smith v. Commonwealth*, 72 Va. App. 523, 541 (2020). To be sufficient, a proffer must allow us to examine both the admissibility of the proposed evidence and whether, even if admissible, its exclusion prejudiced the proffering party. *Molina v. Commonwealth*, 47 Va. App. 338, 368 (2006). By neglecting to include a full trial transcript or proffer the medical bills to the trial court, Colbert thus failed to provide this Court with a sufficient record to determine if the circuit court committed reversible error in excluding the medical bills in light of all the other evidence the parties introduced. *See* Rule 5A:8(b)(4)(ii) (If the appellant fails to "ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."). We therefore cannot consider Colbert's assignment of error.[1]

---

[1] We note that this was a case of contested liability, in which the jury had to determine first if Spaight was negligent in this collision, and if so, whether that negligence proximately caused an injury to Colbert. The jury rendered a verdict in favor of Spaight, suggesting a finding that Spaight was not negligent, or a conclusion that his negligence did not proximately cause an injury to Colbert. Medical bills are relevant in a personal injury suit, but only to show damages, both liquidated and unliquidated. *See Barkley*, 267 Va. at 373 (holding that medical bills are relevant evidence of pain and suffering, and excluding that evidence was reversible error). Thus, even if the circuit court erred in excluding the medical bills, in light of the jury's verdict in favor of Spaight, any conceivable error in the court's ruling was harmless. *See* Code § 8.01-678 ("When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any error committed on the trial.").

- 4 -

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*